Don FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 68416.

Court of Criminal Appeals of Texas,
En Banc.

May 18, 1983.

Ed Paynter, Abilene, for appellant.

Patricia A. Elliott, Dist. Atty., and Jorge A. Solis, Asst. Dist. Atty., Abilene, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of possession of methampheta-mine; the punishment is imprisonment for 5 years and a fine of $500; probation was granted.

The appellant urges that the evidence is insufficient to support his conviction; we agree; the evidence in this record is insufficient to support the conviction.

The appellant waived a jury and the trial was before the court. The only evidence in the record bearing on the appellant's possession of methamphetamine follows:

(Prosecutor on direct examination of Jimmy Seals)

"Q  Now then, Officer Seals, were any of these items found to be in plain sight there in the residence?

"A  Yes, they were.

"Q  Okay.  And as I understand your testimony, items containing controlled substances were found in the kitchen, in the living room, on the floor of the hall, and on the floor of the southwest bedroom; is that correct?

"A  Yes, sir.

"Q  And where was the Defendant, Mr. Flores, when the search warrant was first executed?

"A  We located Don Flores, along with Larry Callison, in the southeast bedroom of the residence.

"Q  All right.  Officer Seals, were you able to find any indication of Mr. Flores living there in that residence, or being connected with that residence, besides his being there?

"A  Yes, I did.

"Q  And what did you find?

"A  Okay.  We found a bank bag from the Peoples State Bank of Clyde, Texas. Inside this bank bag was a driver's license to Don Flores and also a receipt made out to Don Flores from Zale's Jewelers.  This was found on top of a chest on the east wall of the southeast bedroom."

The State in its brief summarizes the law as follows:

"To establish the unlawful possession of a controlled substance it is necessary to prove that the accused exercised care, control and management over the contra-

band, and that the accused knew the matter possessed was contraband. *Dubry v. State,* 582 S.W.2d 841 (Crim.App.1979). It is not necessary to prove that the accused was in exclusive possession of the narcotics in question. Evidence which shows that the accused jointly possessed the narcotics with others is sufficient to sustain a conviction. *Damron v. State,* 570 S.W.2d 933 (Crim.App.1978)."

The affidavit for the search warrant alleged that Larry and Delene Callison and a person or persons unknown to your affiant either by name or description were in control of the residence searched and possessed methamphetamine there. The State summarizes the evidence that methamphetamine and narcotic paraphernalia were found in open view in several rooms of the residence which officers, armed with the search warrant, had searched. Those in the residence at the time of the search were Larry Callison, Yvonne Callison, Clifton Morley, Tammy Morley, Gilbert McGaugh, Rhonda McGaugh, and the appellant.

The State in its brief concludes:

"The evidence indicates recent usage of methamphetamine, as all but one of the exhibits containing methamphetamine were found in plain view, and all of those but two syringes were found in plain view in the living room. This indicates the activity that was taking place inside the residence prior to the time the search warrant was executed. In addition, items of Appellant were found in the house in a bedroom."

The record fails to show who owned, possessed, or occupied the residence searched. There is no evidence that any narcotics or paraphernalia were found on appellant's person or that appellant had used or was under the influence of drugs. There is no evidence that appellant owned or rented the residence, paid utility bills for the residence, nor was any clothing or property indicating he lived at the residence found there. There is no evidence of how long he had been on the premises or that he had ever been there on any other occasion.

The appellant was in a room where no methamphetamine nor any other narcotics or narcotic paraphernalia were found. On a chest of drawers in the same room was a "bank bag" of a bank in another town, in which there was a driver's license and a receipt from a jewelry store both bearing the name of the appellant. Neither the driver's license nor the receipt were offered in evidence, and there is no evidence of what address was on either of those items.

When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of or control over the contraband, unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Rhyne v. State,* 620 S.W.2d 599 (Tex.Cr.App.1981); *Naquin v. State,* 607 S.W.2d 583 (Tex.Cr.App.1980). This evidence does not affirmatively link the appellant with the methamphetamine found in the residence. The evidence does not show that the appellant either solely or jointly exercised care, control, or management over the methamphetamine found in the residence. The evidence is insufficient to support the conviction; and there can be no further prosecution of this cause. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.

Opinion approved by the Court.