Reyes v. SOT





NUMBER 13-00-572-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

CARLOS ALBERTO REYES, Appellant,

v.

THE STATE OF TEXAS, Appellee.

___________________________________________________________________

On appeal from the 357th District Court of Cameron County, Texas.


___________________________________________________________________

O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa 

A jury found appellant, Carlos Alberto Reyes, guilty of the offense of possession of marihuana and assessed his punishment
at eight years imprisonment and a $5,000 fine. In a single issue, appellant contends the evidence is legally and factually
insufficient to support his conviction. We affirm.

1. Standard of Review


When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Rosillo v.
State, 953 S.W.2d 808, 811 (Tex. App.-Corpus Christi 1997, pet. ref'd). Sufficiency of the evidence is measured by the
hypothetically correct jury charge, which accurately sets out the law, is authorized by the indictment, and does not
unnecessarily increase the State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v.
State, 3 S.W.3d 99, 105 (Tex. App.-Corpus Christi 1999, pet. ref'd). The jury, as the sole judge of the credibility of the
witnesses and the weight to be given their testimony, is free to accept or reject all or any part of the testimony of any
witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Johnson, 23 S.W.3d 1, 9
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996). Under a factual sufficiency
review, we are not bound to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d
375, 381 (Tex. App.-Austin 1992, pet. ref'd). Rather, we are free to consider the testimony of all the witnesses. Id. We are
not free to reweigh the evidence and set aside a jury verdict merely because we believe that a different result is more
reasonable. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. Disagreeing with the
fact finder's determination is appropriate only when the record clearly indicates that such a step is necessary to arrest the
occurrence of a manifest injustice; otherwise, due deference must be accorded the fact finder's determinations. Johnson, 23
S.W.3d at 10-12. The complete and correct standard for conducting a factual sufficiency review of the elements of a
criminal offense asks whether a neutral review of the evidence, both for or against the finding, demonstrates that proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Id. at 11.

2. Affirmative Links

To establish the offense of unlawful possession of a controlled substance, the State must prove that (1) the accused
exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was
contraband. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985);Ebert v. State, 848 S.W.2d 261, 266 (Tex.
App.-Corpus Christi 1993, pet. ref'd). "Possession" means actual care, custody, control, or management. Tex. Health &
Safety Code § 81.002(38) (Vernon Supp. 2001). The evidence must show that the appellant was conscious of his
connection with the contraband and knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The
evidence "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than
just fortuitous." Id. If the appellant did not have exclusive possession of the place where the contraband was discovered,
the State must set forth additional facts which affirmatively link the appellant to the contraband. Flores v. State, 650
S.W.2d 429, 430 (Tex. Crim. App. 1983); Rhyne v. State, 620 S.W.2d 599, 601 (Tex. Crim. App. 1981). No set formula
exists to define the sufficiency of an affirmative link to support an inference of knowingly possessing contraband; the
determination depends on the facts of each case. Reid v. State, 749 S.W.2d 903, 905 (Tex. App.-Dallas 1988, pet. ref'd).

Factors that courts have considered include: (1) the defendant's presence when the search warrant was executed; (2)
whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether
the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband
when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant
attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of the contraband; (10)
whether other contraband or drug paraphernalia was present; (11) whether defendant owned or had the right to possess the
place where the drugs were found; and (12) whether the place the drugs were found was enclosed. Villarreal v. State, 865
S.W.2d 501, 503-04 (Tex. App.-Corpus Christi 1993, pet. ref'd). The defendant's actions toward the contraband or the
police may be considered an affirmative link. Payne v. State, 480 S.W.2d 732, 734 (Tex. Crim. App. 1972); Granados v.
State, 843 S.W.2d 736, 740 (Tex. App.-Corpus Christi 1992, no pet.). 3. Background

On June 18, 1999, a Harlingen Police Department canine officer was on duty at the Valley Transit Bus Company in
Harlingen, Texas. On this particular evening, the officer was working without the assistance of his canine. He proceeded
to conduct a routine passenger check of a bus traveling northbound to Houston. The officer questioned appellant and
noticed that appellant became nervous and began to stutter. Appellant said he was traveling to Dallas to visit his son. 
Appellant gave the officer consent to search his carry-on bag and to frisk his waist area. Appellant did not tell the officer
that he had another bag in the luggage department. The officer found nothing in appellant's carry-on bag or on his person. 

The officer next conducted a manual search of the suitcases located in the underneath luggage compartment of the bus. The
officer found a suitcase with a large square object and became suspicious. He proceeded to check the handwritten suitcase
claim ticket and to match the ticket with the bus driver's copy of the tickets he had taken from the passengers. The officer
asked the passengers to take out their bus tickets so that he could look for the corresponding ticket number. When he
reached appellant, the officer determined that appellant's ticket number matched the handwritten number on the baggage
claim ticket. The officer then asked appellant to step off the bus because there was a problem with his checked luggage.
When the officer asked appellant if the suitcase belonged to him, appellant vociferously denied he owned the bag and
accused the officer of harassment. The officer asked the other passengers if they owned the suitcase, but no one claimed it.
Declaring the bag abandoned property, the officer opened it and discovered a large bundle he believed to be narcotics.

Appellant was placed under arrest for possession of marihuana. While appellant was being booked into the jail, the officer
asked the jailer to look for the claims ticket in appellant's socks. The jailer passed a sock to the officer, and the officer
found the second matching baggage claim check in the sock.

4. Analysis 


Appellant contends the evidence affirmatively linking him to the marihuana is legally and factually insufficient to support
his conviction. We disagree.

The record shows the following:

 


 When the officer interviewed him on the bus, appellant appeared nervous and stuttered;




 


 Appellant told the officer he was traveling to Dallas to visit his son, however, his ticket showed he was traveling to
Houston;




 


 Appellant allowed the officer to search his person and a carry-on bag, but made no mention of any checked luggage;




 


 When the officer asked him to step off the bus, appellant began to yell and complain of harassment; and




 


 When the officer showed appellant that his ticket and the ticket on the unopened suitcase matched, appellant denied the
luggage belonged to him. 


We hold this evidence is sufficient to permit a reasonable inference that appellant knew of the marihuana's presence.

To establish control, the State relies on the following additional evidence:

 


 The officer matched the appellant's ticket number to the handwritten number on the baggage claim ticket by using the
bus driver's copy of tickets he had previously taken from the passengers; and




 


 A second claim ticket (which matched the one the officer had found in appellant's possession) was found in appellant's
sock when he was booked into the jail. 


We hold there are sufficient "affirmative links" to support the jury's finding that appellant knowingly and intentionally
possessed the marihuana in question. We hold the evidence is legally and factually sufficient to support appellant's
conviction. Appellant's sole issue is overruled.

The judgment of the trial court is affirmed. 

FEDERICO G. HINOJOSA

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

16th day of August, 2001.



NUMBER 13-00-572-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


CARLOS ALBERTO REYES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 357th District Court of Cameron County, Texas.

___________________________________________________________________


CONCURRING OPINION

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Yañez 



I concur in the result reached by the majority, but write separately to note that appellant failed to preserve for review any
challenge to the admissibility of the evidence on the grounds it was obtained pursuant to an illegal search. In Bond v.
United States, 529 U.S. 334, 338-39 (2000), the United States Supreme Court held that a bus passenger has a reasonable
expectation of privacy that his luggage will not be physically manipulated "in an exploratory manner." Id. at 339.
Accordingly, the court held that a Border Patrol agent's physical manipulation of a bus passenger's bag violated the Fourth
Amendment. Id. 

In the case before us, appellant failed to preserve any error as to the admissibility of the evidence based on the legality of
the search by failing to file a motion to suppress the evidence and failing to object to the admissibility of the evidence at
trial. In order to preserve a complaint for appellate review, a party must present a timely objection to the court. Tex. R.
App. P. 33.1. Even constitutional guarantees may be waived by the failure to object at trial. Briggs v. State, 789 S.W.2d
918, 924 (Tex. Crim. App. 1990). 

With respect to whether appellant was denied effective assistance of counsel, appellant did not file a motion for new trial
and the record is otherwise silent as to why his counsel failed to file a motion to suppress or otherwise object to admission
of the evidence obtained in the search. Performance of counsel cannot generally be adequately examined based on a trial
court record. Kemp v. State, 892 S.W.2d 112, 115 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd) (citing Jackson v.
State,877 S.W.2d 768 (Tex. Crim. App. 1994)). Such a record is best developed during a hearing on application for writ of
habeas corpus or motion for new trial. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). 

For these reasons, our opinion should not be viewed as expressing any opinion as to the legality of the manual search of
appellant's suitcase conducted by the officer in this case. 



_____________________________

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

16th day of August, 2001.