In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00003-CR


______________________________




RANDOLPH BLANE BOWDEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00F0353-202




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment



O P I N I O N



 On October 17, 2000, after a jury trial, Randolph Blane Bowden was convicted of
possession of more than four ounces but less than five pounds of marihuana, a state jail
felony. The jury assessed punishment at two years in a state jail facility and a fine of
$1,496.00. The court sentenced Bowden accordingly, assessing court costs as well. At
the request of the State, the trial court further ordered the two-year sentence to be served
consecutively with any parole revocation Bowden might receive based on a prior unrelated
conviction. On appeal, he contends that: (1) the court erroneously overruled his motion
to suppress evidence; (2) he received ineffective assistance of counsel on appeal; (3) he
was denied the right to confront a witness; (4) his motions for a directed verdict were
improperly denied; and (5) his objections to the jury charge were erroneously overruled.

 Bowden was arrested January 15, 2000, after he fled the scene of a traffic stop and
investigative detention. Bowden and Michael Wyse were observed pulling out of the
driveway of a house known to law enforcement officers as a place used for narcotics
trafficking. At the first corner, police officers observed Bowden make a left-hand turn,
failing to signal until halfway around the corner. Bowden was stopped for failing to properly
signal. A pat-down search of Bowden revealed no weapon, but he did have $1,496.00
cash, most of it in $20.00 bills, in his pants pocket. Bowden and Wyse both consented to
a search of the vehicle. When officers removed a white, opaque plastic bag from the trunk,
Bowden fled. After a chase on foot, Bowden was caught and placed under arrest. The
bag contained what was later determined to be 4.72 ounces of marihuana. Wyse had drug
paraphernalia on his person.

 Connie Mitchell was appointed to represent Bowden on appeal. Mitchell concluded
the appeal was frivolous and without merit, and filed a brief under the mandate of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ex parte Senna,
606 S.W.2d 329, 330 (Tex. Crim. App. 1980). Bowden subsequently filed a response
pro se. On request by this Court, the State also filed a brief responding to Bowden's
response.

 In his first point of error, Bowden contends the trial court erred in denying his motion
to suppress the marihuana found in the trunk of the car he was driving. The suppression
issue was addressed in the Anders brief. Bowden first challenges the legality of his
continued detention after the initial traffic stop. He also challenges the legality of the pat-down search conducted during this detention. Based on these issues, he contends the
seizure of the marihuana violated his Fourth Amendment rights.

 A ruling on a motion to suppress will not be reversed unless the trial court abused
its discretion. Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Freeman v.
State, 62 S.W.3d 883, 886 (Tex. App.-Texarkana 2001, pet. ref'd). We apply a bifurcated
standard when reviewing a trial court's ruling on a motion to suppress, giving almost total
deference to determinations of historical fact, but reviewing de novo the application of
search and seizure law. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
Guzman v. State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). Where, as here, the
record contains a ruling but no explicit findings of historical fact or conclusions of law, we
presume the trial court made those findings necessary to support its ruling, provided they
are supported in the record. Carmouche, 10 S.W.3d at 327-28; Freeman, 62 S.W.3d at
886. 

 At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses and the weight of their testimony. McAllister v. State, 34
S.W.3d 346, 350 (Tex. App.-Texarkana 2000, pet. ref'd). We therefore view the record
and draw all reasonable inferences therefrom in the light most favorable to the trial court's
ruling. Id. Further, the appellate court must sustain the trial court's ruling if it is reasonably
supported by the record and is correct on any theory of law applicable to the case. Id.

 A traffic stop is a temporary investigative detention. Freeman, 62 S.W.3d at 886-88. 
After an officer stops a vehicle for a traffic offense, he may conduct a brief investigative
detention of the occupants. Goodwin v. State, 799 S.W.2d 719 (Tex. Crim. App. 1990).
As part of this temporary detention, an officer may ask an individual to step out of his
vehicle. Id. at 727; see Delk v. State, 855 S.W.2d 700, 710 (Tex. Crim. App. 1993). 
During the investigation, the officer may request a driver's license, identification, vehicle
registration, insurance papers, and ask the purpose of the trip. Davis v. State, 947 S.W.2d
240, 245 n.6 (Tex. Crim. App. 1997); Powell v. State, 5 S.W.3d 369, 377 (Tex.
App.-Texarkana 1999, pet. ref'd). It is also reasonable for the officer to approach
passengers and ask similar questions. Freeman, 62 S.W.3d at 887-88. An officer may
also run a computer check on the vehicle and the suspect to verify the validity of the
driver's license and to check for outstanding warrants. Davis, 947 S.W.2d at 245 n.6. 
Once a police officer makes a lawful traffic stop, he may also investigate any other offense
he reasonably suspects has been committed. Bachick v. State, 30 S.W.3d 549, 551-52
(Tex. App.-Fort Worth 2000, pet. ref'd).

 Bowden was initially stopped for failing to properly signal while making a left-hand
turn. The initial traffic stop and temporary detention were reasonable. Bowden was
observed committing this traffic offense just moments after leaving a house known to the
officers as a site of narcotics trafficking. The officers first asked Bowden, and then the
passenger, to step out of the car. They requested Bowden's driver's license, which he did
not have. Because Officer Jacob Richardson was concerned about weapons, he
conducted a pat-down search of Bowden. This search revealed a large roll of currency in
Bowden's front pants pocket.

 At this point, the officers requested consent to search the vehicle, and consent to
search the entire car was granted both by Bowden and his passenger. Bowden did not
communicate to the officers any limitation of the scope of his consent to search. Nothing
was found in the passenger compartment. When the trunk was opened, officers observed
and removed a white, opaque plastic bag.

 Consent is a well-established exception to the constitutional requirements of both
a warrant and probable cause. Carmouche, 10 S.W.3d at 331; McAllister, 34 S.W.3d at
350. A continued detention and request for consent to search following a traffic stop may
be reasonable, where consent is granted, even though no circumstances that would
constitute reasonable suspicion of criminal activity are noted. Ohio v. Robinette, 519 U.S.
33, 38-40, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). We hold that, under the circumstances,
the request for consent to search was reasonable and that further investigative detention
of Bowden and the passenger was justified once consent to search was granted. Because
the contraband was found in an area within the scope of the validly given consent, there
is no basis for suppressing the evidence seized as a result of the search. Bowden's first
point of error is overruled.

 Bowden's second point of error raises an ineffective assistance of counsel claim. 
He argues the performance of appellate counsel was deficient because (1) the brief failed
to meet the requirements set forth in Anders, 386 U.S. 738, (2) the brief failed to present
arguable issues that may have led to reversal of conviction, and (3) the brief contained
alleged factual errors that demonstrate a lack of diligence. 

 To prevail on a claim of ineffective assistance of counsel, an appellant must prove
both the deficient performance of his or her lawyer and that this deficient performance
prejudiced the appellant. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996). Failure to satisfy both prongs means the ineffectiveness claim must fail. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); McFarland, 928 S.W.2d at 500. 

 Our review of counsel's performance is highly deferential: we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. 
Thompson, 9 S.W.3d at 813; Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana
2000, pet. ref'd). The burden is on the appellant to identify the acts or omissions of
counsel that are alleged to constitute ineffective assistance and then to prove such conduct
falls below the threshold of reasonable professional conduct. McFarland, 928 S.W.2d at
500; Burruss, 20 S.W.3d at 186.

 Texas law requires an appointed attorney who concludes his client's appeal is
without merit to (1) file a motion to withdraw in the court of appeals; (2) file an Anders brief
in support of the motion; (3) send his client a copy of the brief; (4) inform his client of his
right to file a response pro se; and (5) inform his client of his right to review the record and
of the procedures for obtaining a copy of the record. See Bruns v. State, 924 S.W.2d 176,
177 n.1 (Tex. App.-San Antonio 1996, no pet.); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.-Fort Worth 1995, no pet.); Johnson v. State, 885 S.W.2d 641, 645-46 (Tex.
App.-Waco 1994, pet. ref'd). Mitchell filed a brief discussing the record and reviewing
pretrial, trial, and punishment proceedings in detail. Counsel has thus provided the
requisite professional evaluation of the record demonstrating why, in her opinion, there are
no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978); see also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim.
App. 1991). Along with the Anders brief, Mitchell filed a motion to withdraw from the
representation. She also sent a copy of the brief to Bowden, advising him by letter she
believed there were no arguable contentions of error and informing him of his right to
review the record and file a brief pro se. 

 Bowden also argues that factual errors in the brief filed by Mitchell demonstrate a
lack of diligence. Bowden contends the guilt/innocence trial commenced October 18,
2000, not October 17 as listed in the Anders brief. This contention is incorrect. The record
reflects the trial commenced with jury selection October 17, 2000. Contrary to Bowden's
argument, the Anders brief also correctly states that the court's charge was read to the jury
as indicated by the record. Bowden does point out that counsel inaccurately referred to
an individual as the owner of the car rather than as the owner of the drug house from which
the car departed. In the context of the brief as a whole, this does not demonstrate a lack
of diligence or deficient performance on Mitchell's part. Bowden also fails to show how this
inaccuracy could create prejudice to him.

 On the record before us, Bowden has failed to show either deficient performance
or prejudice. His second point of error is overruled.

 In his third point of error, Bowden urges he was denied the right to confront and
cross-examine a witness against him because Officer Melvin Runyan was present at the
arrest but did not testify at trial. 

 To preserve an error for appellate review, a party must present a timely request,
objection, or motion to the trial court specifically stating the grounds for the desired ruling. 
Tex. R. App. P. 33.1(a). The record reflects Bowden failed to preserve this error, because
no such objection was made at trial.

 Bowden's argument is nevertheless without merit, because no evidence from
Runyan was used to secure the conviction. Officer Richardson was present from the initial
traffic stop through the arrest. Richardson testified both at the suppression hearing and
at the trial. Bowden had adequate opportunity to cross-examine Richardson. Further,
Bowden could have subpoenaed Runyan to testify if Runyan's testimony was deemed
necessary to an effective defense. No subpoena was requested. Point of error three is
overruled.

 In his fourth point of error, Bowden contends the trial court erred by denying his
motion for a directed verdict. This argument constitutes a challenge to the legal sufficiency
of the evidence. See Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996).

 In reviewing a legal sufficiency challenge, we review all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Williams, 937 S.W.2d
at 482-83. If the evidence is sufficient to support the conviction, the court did not err in
overruling the motion for directed verdict. Madden v. State, 799 S.W.2d 683, 686 (Tex.
Crim. App. 1990).

 To establish the offense of unlawful possession of a controlled substance, the state
must prove (1) the accused exercised care, control, and management over the contraband,
and (2) the accused knew the matter possessed was contraband. McGoldrick v. State, 682
S.W.2d 573, 578 (Tex. Crim. App. 1985). "Possession" means actual care, custody,
control, or management. Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp.
2002). The evidence must show the appellant was conscious of his or her connection with
the contraband and knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim.
App. 1995). The evidence must establish, to the requisite level of confidence, that the
accused's connection with the drug was more than fortuitous. Id. If the appellant did not
have exclusive possession of the place where the contraband was discovered, the state
must set forth additional facts which affirmatively link the appellant to the contraband. 
Flores v. State, 650 S.W.2d 429, 430 (Tex. Crim. App. 1983); Rhyne v. State, 620 S.W.2d
599, 601 (Tex. Crim. App. [Panel Op.] 1981); Olguin v. State, 601 S.W.2d 941, 943 (Tex.
Crim. App. [Panel Op.] 1980). No set formula exists to define the sufficiency of an
affirmative link to support an inference of knowingly possessing contraband. Reid v. State,
749 S.W.2d 903, 905 (Tex. App.-Dallas 1988, pet. ref'd). The determination depends on
the facts of each case. Id. 

 The evidence is sufficient to show Bowden exercised care, custody, control, or
management over the marihuana. He was driving the car in which the contraband was
found. The marihuana was in a bag in the trunk, to which Bowden had the keys. The
evidence is also sufficient to show Bowden knew the trunk contained contraband. As soon
as the officers located the bag in the trunk, Bowden fled. 

 Other evidence also linked Bowden to the crime. He had just been observed
departing a known location of narcotics trafficking. A large roll of small bills was found in
his pants pocket. Testimony showed the amount of marihuana in the bag was 4.72
ounces.

 The evidence is legally sufficient to support the conviction for possession of more
than four ounces but less than five pounds of marihuana. The trial court did not err in
overruling Bowden's motion for directed verdict. Bowden's fourth point of error is overruled.

 In his fifth point of error, Bowden argues the trial court erred in denying his
requested jury instruction relating to the State's burden of proof and the presumption of
innocence. The requested instructions were mandated at one time, but are no longer
mandatory. See Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (overruling
Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991)). Further, the requested
instructions repeated, in substance, information already contained in the court's charge. 
A trial court is not required to adopt redundant instructions. Bowden's fifth point of error
is overruled.

 There remains one issue not addressed in the brief filed pro se, but raised in the
Anders brief filed on Bowden's behalf. The question is whether the trial court's order for
cumulative sentencing was valid.

 A court has discretion to order that any sentence imposed in a cause not begin until
the judgment in a prior offense or offenses against the defendant have ceased to operate. 
See Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2002). A valid cumulation
order should provide sufficient specific information to allow the Texas Department of
Criminal Justice (TDCJ) to identify the prior conviction and sentence with which the newer
conviction is to be cumulated. Ex parte San Migel, 973 S.W.2d 310, 311 (Tex. Crim. App.
1998).

 In the case before us, on the State's request and over Bowden's objection, the trial
court imposed punishment as follows: "[Two] years in a state jail facility, said term to begin
on October 18, 2000; and obey all rules and regulations of said facility until discharged
from the facility/to run consecutive with any parole revocation." (Emphasis added.) The
court's judgment contains no information identifying any previous convictions to the TDCJ
with which the present sentence should be cumulated. The cumulation order is invalid on
its face. Article 42.08(a) only authorizes the cumulation of sentences; it does not authorize
the cumulation of a sentence with a parole revocation, as attempted here. Accordingly, we
reform the judgment to delete the words "to run consecutive with any parole revocation." 


 As reformed, the judgment is affirmed.




 Donald R. Ross

 Justice


Date Submitted: March 5, 2002

Date Decided: July 25, 2002


Do Not Publish