Trevino v. SOT




 





NUMBER 13-02-00223-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


DAVID LEE TREVINO, JR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Kleberg County, Texas.


 


MEMORANDUM OPINION 



Before Chief Justice Valdez and Justices Hinojosa and Castillo


Memorandum Opinion by Justice Hinojosa



 A jury found appellant, David Lee Trevino, Jr., guilty of possession of a controlled
substance and assessed his punishment at two years confinement in a State jail facility
and a $4,000 fine. The trial court has certified that this case "is not a plea-bargain case
and the defendant has the right of appeal." See Tex. R. App. P. 25.2(a)(2). By three points
of error, appellant contends: (1) the trial court erred in denying his motion to suppress; (2)
the evidence is legally and factually insufficient to support his conviction; and (3) the trial
court erred in denying his motion for a new trial. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.

A. Motion to Suppress


 By his first point of error, appellant complains the trial court erred in denying his
motion to suppress "the identification and arrest of [appellant] and the seizure of cocaine
as fruits of an illegal detention." Specifically, appellant contends that the anonymous tip
the police relied on to go to the hotel room where he was found, which he argues is itself
an investigative detention, was not enough to rise to the level of reasonable suspicion. 
Appellant asserts that any evidence seized and any identification of him is inadmissible.

 When an accused affirmatively asserts during trial that he has "no objection" to the
admission of evidence, he waives any error in the admission of the complained of evidence
despite a pretrial ruling on a motion to suppress. Dean v. State, 749 S.W.2d 80, 83 (Tex.
Crim. App. 1988); Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983). In the
instant case, appellant's counsel repeatedly stated, "no objection," when the State offered
the evidence at trial that was obtained from the complained-of encounter, including the
cocaine and drinking straw that had cocaine residue on it. We hold these affirmative
statements waived any error. Accordingly, we overrule appellant's first point of error.

B. Sufficiency of the Evidence

 By his second point of error, appellant contends the evidence is legally and factually
insufficient to support his conviction for possession of a controlled substance. Specifically,
appellant asserts: (1) the arresting officer did not see any person in the room in personal
possession of the drugs; (2) the statements of his co-defendant accomplices were not
sufficiently corroborated; (3) the State failed to establish an affirmative link showing that
appellant exercised care, control, and management over the drugs; and (4) his mere
presence in the room is not sufficient justification for being charged with possession.

 When we review the legal sufficiency of the evidence, we view all the evidence in
the light most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In conducting this analysis, we may not re-weigh the evidence and substitute our
judgment for that of the jury. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
The standard is the same for both direct and circumstantial evidence cases. Kutzner v.
State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660
(Tex. App.--Corpus Christi 1989, pet. ref'd). We measure the legal sufficiency of the
evidence by the elements of the offense as defined by the hypothetically correct jury
charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge
would accurately set out the law, would be authorized by the indictment, and would not
unnecessarily increase the State's burden of proof. Id. 

 The jury, as the trier of fact, may use common sense and apply common knowledge,
observation, and experience gained in ordinary affairs when giving effect to the inferences
that reasonably may be drawn from the evidence. Booker v. State, 929 S.W.2d 57, 60
(Tex. App.--Beaumont 1996, pet. ref'd). As fact finder, the jury is the exclusive judge of
the credibility of witnesses and the weight to be afforded their testimony. Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1981); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim.
App. 1991). The jury is free to accept one version of the facts, reject another, or reject all
or any of a witness's testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. 1981). 

 When we review the factual sufficiency of the evidence, we review all of the
evidence and set aside the verdict only if (1) the evidence is so weak as to be clearly wrong
and manifestly unjust or (2) the verdict is against the great weight of the evidence. 
Johnson, 23 S.W.3d at 11. We are not bound to view the evidence in the light most
favorable to the prosecution, and may consider the testimony of all the witnesses. Id. at
10-12. Disagreeing with the fact finder's determination is appropriate only when the record
clearly indicates that such a step is necessary to arrest the occurrence of a manifest
injustice. Id. Otherwise, due deference must be accorded the jury's determinations,
particularly those concerning the weight and credibility of the evidence. Id.1. Affirmative Links

 In possession-of-a-controlled-substance cases, two evidentiary requirements must
be satisfied by the State. King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 
First, the State must prove that the defendant exercised actual care, control, and
management over the contraband; and second, that he had knowledge the substance in
his possession was contraband. Id. Both of these elements may be proved
circumstantially. Sewell v. State, 578 S.W.2d 131, 135 (Tex. Crim. App. 1979). 
Knowledge, being subjective, must always be inferred to some extent, in the absence of
an admission by the defendant. Id. If an accused was not in exclusive possession of and
control of the place where the contraband is found, knowledge or control over the
contraband may not be inferred unless additional facts and circumstances affirmatively link
the accused to the contraband. Flores v. State, 650 S.W.2d 429, 430 (Tex. Crim. App.
1983). Various factors that may be considered in determining whether the evidence is
sufficient to affirmatively link appellant with the contraband include, but are not limited to: 
(1) whether the contraband was in plain view or recovered from an enclosed place; (2)
whether the accused was the owner of the premises or had the right to possess the place
where the contraband was found; (3) whether the contraband was conveniently accessible
to the accused; (4) whether the contraband was found in close proximity to the accused;
(5) whether a strong residual odor of the contraband was present; (6) whether
paraphernalia was in view, or found on the accused; (7) whether the physical condition of
the accused indicated recent consumption of the contraband in question; and (8) whether
the accused was observed in a suspicious area under suspicious circumstances. Lassaint
v. State, 79 S.W.3d 736, 740-41 (Tex. App.-Corpus Christi 2002, no pet.). The number
of the factors present is not as important as the logical force the factors have in
establishing the elements of the offense. Lassaint, 79 S.W.3d at 736.

 The contraband in this case was recovered from an enclosed place, a one-bedroom
hotel room. Appellant was present at an apparent drug party, which of itself is a suspicious
circumstance. Cocaine was found on the counter of the bathroom. The contraband was,
therefore, conveniently accessible and in close proximity to appellant. The arresting
officers testified that a strong odor of marihuana and a large amount of smoke emanated
from the hotel room. Drug paraphernalia, including a piece of a drinking straw used to
consume cocaine and wrapping papers for marihuana cigarettes, were found in plain view. 
Appellant's co-defendant accomplices testified that: (1) he was in the hotel room for a
period of approximately twelve hours; (2) he entered the bathroom where the cocaine was
found; and (3) everybody in the hotel room was using the contraband. We conclude this
evidence is sufficient to affirmatively link appellant to the contraband.

2. Accomplice Testimony

 At trial, the State elicited testimony from co-defendants who were in the hotel room
with appellant during the drug party. (1) In evaluating the sufficiency of the evidence, an
appellate court must examine all the evidence, including accomplice testimony. McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). A conviction cannot stand on
accomplice testimony unless it is corroborated by other evidence tending to connect the
defendant with the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). In
order to determine whether the accomplice testimony is corroborated, we eliminate all
accomplice evidence and determine whether the other inculpatory facts and circumstances
tend to connect appellant to the offense. McDuff, 939 S.W.2d at 612; Hernandez v. State,
52 S.W.3d 268, 279 (Tex. App.-Corpus Christi 2001, no pet.). The accomplice testimony
need not directly link the accused to the crime or be sufficient in itself to establish guilt. 
Reed v. State, 744 S.W.2d 112, 126 (Tex. Crim. App. 1988). Rather, the non-accomplice
evidence merely has to tend to connect appellant to the offense. Hernandez, 52 S.W.3d
at 279.

 Even without the accomplice testimony, the same evidence that affirmatively linked
appellant to the contraband tends to connect him to the commission of the offense. Proof
that an accused was present at the scene of a crime, coupled with other suspicious
circumstances, may tend to connect the accused with the commission of the offense. Cruz
v. State, 690 S.W.2d 246, 250-51 (Tex. Crim. App. 1985); Valencia v. State, 51 S.W.3d
418, 422 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd). The presence of the drugs in
close proximity to appellant, the smell of burning marihuana and accompanying smoke,
and appellant's presence in the hotel room sufficiently corroborate the accomplice
testimony presented at trial.

 After reviewing the evidence in the light most favorable to the verdict, we conclude
that any rational trier of fact could have found the essential elements of the offense of
possession of a controlled substance beyond a reasonable doubt. Accordingly, we hold
the evidence is legally sufficient to support appellant's conviction. Further, after reviewing
all the evidence, we conclude that the evidence is not so weak as to be clearly wrong and
manifestly unjust and the verdict is not against the great weight of the evidence. Therefore,
we hold the evidence is factually sufficient to support appellant's conviction. Appellant's
second point of error is overruled.

C. Lack of Court Reporter's Record

 By his third point of error, appellant contends he is entitled to a new trial because
the reporter's record of the hearing on the motion to suppress was lost. Specifically,
appellant asserts the lost reporter's record is necessary for the resolution of this appeal
because the evidence at the hearing shows that the police officers went to the hotel room
solely on the basis of an anonymous tip and performed no further investigation prior to
knocking on the hotel room door.

 A defendant is entitled to a new trial if the lost, destroyed, or inaudible portion of the
reporter's record is necessary to the appeal's resolution. Tex. R. App. P. 34.6(f)(3). 
However, because we have held that appellant's challenge to the trial court's denial of the
motion to suppress was waived, we conclude the reporter's record of the hearing is
unnecessary for the resolution of this appeal. Appellant's third point of error is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. See Tex. R. App. P. 47.2(b).


Opinion delivered and filed this the

29th day of January, 2004.
1. A person is an accomplice if he participates before, during, or after the commission of the crime and
can be prosecuted for the same offense as the defendant or for a lesser-included offense. Medina v. State,
7 S.W.3d 633, 641 (Tex. Crim. App. 1999).