# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-03-00299-CR

---

**Robert Smith, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
NO. 9034055, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

---

## O P I N I O N

Robert Smith appeals his conviction for the offense of delivery of a controlled substance, for which he was sentenced to five years' imprisonment. In four points of error, Smith contends that article 35.07 of the Texas Code of Criminal Procedure violates his right to equal protection by requiring him, but not the prosecution, to present a signed affidavit with his motion to quash the jury array; that the trial judge's application of the statute violated his right to due process; that his motion to quash the jury array should have been granted because the use of the Internet to organize and select juries in Travis County produces unfair and unrepresentative arrays;

and that his trial attorney's failure to comply with the requirements of article 35.07 denied him effective assistance of counsel. For the reasons that follow, we affirm the judgment of the trial court.

## BACKGROUND

Smith was indicted for intentionally and knowingly delivering a controlled substance in the amount of less than one gram. Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2004), § 481.112(a) (West 2003). The indictment contained two enhancement paragraphs charging that Smith had previously been convicted of the felony offenses of delivery of a controlled substance and possession of a controlled substance. Before voir dire, Smith moved to quash the jury array based on the low percentage of minority representation relative to the population of Travis County and the use of the Internet in the collection of juror information sheets, claiming that the use of the Internet in the process results in the underrepresentation of minority and economically disadvantaged people in the array. He filed this motion pursuant to article 35.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 35.07 (West 1989). The trial judge denied the motion but took judicial notice of the racial makeup of the array. Smith was found guilty by a jury and sentenced to five years' imprisonment. He appeals the conviction and sentence.

## DISCUSSION

### *Equal Protection and Due Process Claims*

In points of error one and three, Smith challenges the constitutionality of article 35.07 of the code of criminal procedure, arguing that the statute violates his right to equal protection and that the trial judge's application of the statute violated his right to due process. Article 35.07

2

provides that a jury array may be challenged only on the ground that the officer summoning the jury has wilfully summoned jurors with a view to securing a conviction or an acquittal. *Id*.[1] The statute requires that all challenges must be in writing distinctly setting forth the grounds of such challenge. *Id*. When a defendant challenges the array, his motion must be supported by his affidavit or the affidavit of any credible person. *Id*. This statute does not require the prosecution to provide an affidavit before challenging the array. *See id*. Smith argues that article 35.07 violates his constitutional right to equal protection of laws by unfairly requiring defendants to provide a signed affidavit but not requiring the same of the State.

In determining whether a statute is valid, a court will apply a presumption of constitutionality. *See Smith v. State*, 898 S.W.2d 838, 847 (Tex. Crim. App. 1995). A statute is evaluated under strict scrutiny if it implicates a fundamental right or discriminates against a suspect class. *Henderson v. State*, 962 S.W.2d 544, 560 (Tex. Crim. App. 1997). A statutory classification that does not discriminate against a suspect class need only be rationally related to a legitimate

---

[1] Article 35.07 provides in full:

> Each party may challenge the array only on the ground that the officer summoning the jury has willfully summoned jurors with a view to securing a conviction or an acquittal. All such challenges must be in writing setting forth distinctly the grounds of such challenge. When made by the defendant, it must be supported by his affidavit or the affidavit of any credible person. When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained.

Tex. Code Crim. Proc. Ann. art. 35.07 (West 1989).

governmental purpose to survive an equal protection challenge. *See id.* The claimant must establish clearly that the statute is arbitrary and irrational before an equal protection violation will lie. *See Black v. State*, 26 S.W.3d 895, 898 (Tex. Crim. App. 2000). Those attacking the rationality of a legislative classification have the burden to negate every conceivable basis that might support it. *Anderer v. State*, 47 S.W.3d 60, 66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Because criminal defendants are not a suspect class, *see Dinkins v. State*, 894 S.W.2d 330, 342 (Tex. Crim. App. 1995), article 35.07 of the code of criminal procedure must be upheld if it is rationally related to a legitimate governmental purpose. Besides establishing that the statute is not rationally related to a legitimate governmental purpose, Smith must also establish that he is a member of a group of similarly situated individuals who are being treated differently under the statute. *See Smith*, 898 S.W.2d at 847. Smith has not shown that criminal defendants and prosecutors are similarly situated individuals. As written by the legislature, article 35.07 applies to all defendants regardless of the crimes with which they have been charged. Defendants enter the judicial process with a specific array of rights and protections; the prosecution enters with a very different set of rules and rights. There are a multitude of procedural provisions that apply different standards for the accused and the prosecution. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 39.12 (West 1979) (depositions may not be read in court by State unless sworn to "by any credible person," but defendant must make oath in person), arts. 44.01, .02 (West 2004) & Tex. R. App. P. 25.2 (circumstances under which State may appeal an order in a criminal proceeding are more limited than those under which defendant may appeal). We reject Smith's fundamental assertion that defendants and the prosecution are similarly situated.

4

Moreover, Smith was required to show that the legislature has no rational basis for requiring only defendants to provide a sworn affidavit in order to challenge a jury array under article 35.07. Those attacking the rationality of a legislative classification bear the heavy burden of negating every conceivable basis that might support it. *Anderer*, 47 S.W.3d at 66. Smith has failed to meet his burden. He argues that there is no justification for the legislature's decision to require a defendant to support his challenge with a sworn affidavit when the prosecution is not required to do so, but merely asserting a lack of justification is insufficient to sustain his burden on appeal. The legislature may perceive that it has a legitimate interest in requiring defendants to present affidavits to raise issues of fact as opposed to allegations, or that it has an interest in preventing defendants from abusing the judicial system by seeking delay. Because Smith has not demonstrated that he is among a group of similarly situated individuals who are being treated differently under the statute or that the legislature lacks a rational basis for the requirement, his equal protection claim fails. Point of error number one is overruled.

Smith next argues that the trial judge violated his right to due process by failing to conduct a hearing on his motion to quash the array. Article 35.07 provides: "When such challenge is made, the judge shall hear evidence and decide without delay whether or not the challenge shall be sustained." Tex. Code Crim. Proc. Ann. art. 35.07. This sentence clearly refers to a defendant's proper challenge to an array. Smith's failure to present a sworn affidavit in compliance with article 35.07 makes his motion improper, and the trial court is therefore not obligated to hold a hearing under the statute. Smith's third point of error is overruled.

5

*Jury Selection*

In point of error four, Smith asserts that the trial court erred by denying his motion to quash the jury array. He argues that the arrays from which juries are selected in Travis County are not fair and reasonable because of the use of the Internet to organize and select the arrays; he alleges that economically deprived members of the community are being systematically underrepresented. The selection of a petit jury from a representative cross-section of the community is an essential component of the Sixth Amendment right to a jury trial. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975); *see* U.S. Const. amend. VI. To establish a prima facie violation of the requirement that there be a fair cross-section of the community represented, Smith must show: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. *Pondexter v. State*, 942 S.W.2d 577, 580 (Tex. Crim. App. 1996) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

In his effort to establish that his jury was not selected from a fair cross-section of the community, Smith argues both that racial minority groups were underrepresented in his jury array and that economically deprived members of the community are being systematically excluded due to the use of the Internet in the jury-selection process. The trial court took judicial notice of the fact that, of the fifty citizens who reported for jury duty in Smith's case, only six identified themselves as members of a minority group. However, a disproportionate representation of a minority group in a single jury panel does not alone demonstrate the systematic exclusion of distinctive groups.

6

*Pondexter*, 942 S.W.2d at 581; *May v. State*, 738 S.W.2d 261, 269 (Tex. Crim. App. 1987). Smith must show the systematic exclusion of minorities from the jury-selection process to prevail.

Smith attempts to make such a showing by asserting that the use of the Internet in jury empaneling results in the systematic underrepresentation of economically deprived members of the community. However, he fails to establish the first *Duren* prong: that the economically deprived individuals whom he claims are adversely impacted by the use of the Internet in the jury process are members of minority groups. Smith also makes no showing that economically disadvantaged individuals are a distinctive group, regardless of their racial affiliation. He presents no evidence suggesting that the economically disadvantaged possess "some common thread of shared experience or political, social, or religious viewpoint [that] binds this group together to make it distinct from any other." *Weaver v. State*, 823 S.W.2d 371, 373 (Tex. App.—Dallas 1992, pet. ref'd).

Were economically disadvantaged people a distinctive group excluded unfairly from the jury-selection process by virtue of the use of the Internet, the statute at issue still requires Smith to make a showing that the exclusion is intentional. Article 35.07 requires a party challenging the array to show that "the officer summoning the jury has willfully summoned jurors with a view to securing a conviction or an acquittal." Tex. Code Crim. Proc. Ann. art. 35.07. Smith has neither made a showing that the use of the Internet is intended to exclude any distinct group within the community nor presented any evidence that the jury was empaneled with the purpose of securing his conviction.

Finally, in order to prevail on an unfair jury-selection claim, Smith must also show that he was harmed by not obtaining a representative jury. The court of criminal appeals has

7

consistently required a showing of harm or prejudice for reversal in cases involving jury-selection procedures. *Cooks v. State*, 844 S.W.2d 697, 726-27 (Tex. Crim. App. 1992). Smith has presented no evidence to suggest that the jury that tried him was partial or that he objected to any particular juror. Point of error four is overruled.

*Ineffective Assistance of Counsel*

In his second point of error, Smith asserts that he was denied his Sixth Amendment right to effective assistance of counsel when his trial counsel failed to comply with the requirement of article 35.07 that the defendant's motion to quash the jury array be supported by a sworn affidavit. The Sixth Amendment guarantees the right to the reasonably effective assistance of counsel in a state criminal proceeding. *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); *see* U.S. Const. amend. VI. In order to prevail on an ineffective-assistance claim, a convicted defendant must show both that counsel's performance was deficient—which requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment—and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id*. Prejudice is demonstrated when the convicted defendant shows "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813

8

(Tex. Crim. App. 1999). Although it is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance, *see Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App. 1985), whether counsel's actions meet the *Strickland* test is to be judged by the "totality of the representation" rather than by isolated acts or omissions of trial counsel. *Thompson*, 9 S.W.3d at 813. The test is applied at the time of the trial, not through hindsight. *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Any judicial review of a defendant's claim of ineffective assistance must be highly deferential to trial counsel. *Id*. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 694-95; *Thompson*, 9 S.W.3d at 813.

Smith asserts that his trial counsel, by neglecting to include a signed affidavit with her motion to quash the jury array as required by article 35.07, failed to satisfy an objective standard of reasonable performance under prevailing professional norms. The State counters that, because an allegation of ineffectiveness must be firmly founded in the record, the proper forum for Smith's complaint is not a direct appeal but a post-conviction writ of habeas corpus. Claims of ineffective assistance of trial counsel can be properly raised on appeal if the appellate record is sufficiently developed. *Robinson v. State*, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). Because the total circumstances surrounding counsel's allegedly defective performance involve the lack of signature on an affidavit, the record in this case is sufficiently developed such that there is little to be gained from the writ procedure. Although a reviewing court will not second guess through hindsight the strategy of counsel at trial, *see Blevins v. State*, 18 S.W.3d 266, 271 (Tex. App.—Austin 2000, no

9

pet.), it is difficult to imagine any strategic motivation served by counsel's failure to procure a signature on the affidavit.

However, we do not find it necessary to decide whether Smith's trial counsel's failure to comply with the requirement of article 35.07 was so serious as to not function as "counsel" because, regardless, Smith has failed to present evidence of prejudice. He has not shown that there was a reasonable probability that, but for trial counsel's error, the result of the proceeding would have been different. Smith cannot demonstrate that if the motion to quash had been properly pleaded, the jury, or another jury, would have acquitted him. The dearth of evidence supporting Smith's motion to quash the array, discussed above, would likely have resulted in a denial of his motion even if the trial court had granted a hearing on it. Furthermore, the existence of evidence showing Smith taking part in the drug transaction—a videotape taken by the police—greatly reduces the likelihood that a change in jury would have changed the outcome of the case. Because Smith cannot meet the second prong of the *Strickland* test, he cannot establish that his right to effective counsel under the Sixth Amendment has been violated. His second point of error is overruled.

## CONCLUSION

We hold the requirement that only defendants need support their motion to quash the jury array with a sworn affidavit does not deny Smith his right to equal protection of laws as guaranteed by the Fourteenth Amendment to the United States Constitution. We also conclude that his right to due process was not violated by the trial judge's failure to conduct a hearing on his non-compliant motion to challenge the array. Lastly, the failure of Smith's trial attorney to comply with

10

the requirements of article 35.07 of the Texas Code of Criminal Procedure did not constitute a denial of effective assistance of counsel. We affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed:   April 22, 2004

Publish

11