**Tiberiu KISS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–07–01149–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 11, 2009.

Discretionary Review Refused
Aug. 25, 2010.

---

Katherine A. Drew, Dallas County Public Defender's Office, Bradley K. Lollar, Dallas, for Appellant.

Craig Watkins, Dallas County Dist. Atty., Larissa Roeder, Asst. Crim. Dist. Atty., Grace B. Shin, Asst. Dist. Atty., Dallas, for Appellee.

Before Justices BRIDGES, FITZGERALD, and LANG.

## OPINION

Opinion By Justice BRIDGES.

Tiberiu Kiss waived a jury and entered a plea of guilty to intoxication manslaughter. The trial court followed the plea bargain agreement and sentenced him to seven years in prison and a $2000 fine. In two points of error, appellant argues he was denied due process and equal protection of the law under the Fourteenth Amendment of the United States Constitution and article I, sections 3 and 3a of the Texas Constitution. We affirm the trial court's judgment.

Appellant judicially confessed to an indictment alleging he operated a motor vehicle while intoxicated and caused the death of an unborn child. The trial judge admonished appellant that, if the court followed the plea bargain agreement, appellant would lose the right to appeal except for any written motions filed prior to trial. Appeal is taken from a pretrial motion to quash the indictment based on challenges to the underlying penal code provisions.

In two points of error, appellant argues his prosecution for intoxication manslaughter of an unborn child denied him due process and equal protection of the law under the Texas and federal constitutions. Although appellant mentions a due process violation in the phrasing of his issue, he does not further address a due process violation or present any arguments in support of this point. Accordingly, we do not address appellant's due process claims. *Devine v. Dallas County*, 130 S.W.3d 512, 513–14 (Tex.App.-Dallas 2004, no pet.) (when party fails to adequately brief complaint, he waives issue on appeal). On the equal protection claim, appellant argues that, because penal code section 49.08 does not apply to the death of an unborn child if the charged conduct is committed by the *mother* of the unborn child, his prosecution for this offense violated his right to equal protection. He asserts he is treated differently than the

biological mother of an unborn child who causes the death of her unborn child while driving while intoxicated. *See* Tex. Penal Code Ann. § 49.08 (Vernon Supp.2009) (intoxication manslaughter); Tex. Penal Code Ann. § 49.12 (Vernon Supp.2009) (section 49.08 does not apply to injury or death of unborn child if conduct charged committed by mother of unborn child).

In addressing an attack on the constitutionality of a statute, we presume that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App.2002). The individual challenging the statute has the burden to establish its unconstitutionality. *Id.* We will uphold the statute if we can determine a reasonable construction that will carry·out legislative intent and render the statute constitutional. *Sheldon v. State,* 100 S.W.3d 497, 500 (Tex.App.-Austin 2003, pet. ref'd).

The Equal Protection Clause generally prohibits the government from using suspect classifications as a basis for discriminating between individuals. *Casarez v. State,* 913 S.W.2d 468, 473 (Tex. Crim.App.1994). A violation of the Equal Protection Clause may occur when the government discriminates against the members of a class of individuals who have historically suffered discrimination, i.e., a "suspect" class, or when the government impairs the members of a class from exercising a fundamental right. *Id.*

A two-step analysis is used in reviewing a statute for an equal protection violation. *Cannady v. State,* 11 S.W.3d 205, 215 (Tex.Crim.App.2000). We must first determine the level of scrutiny required. *Id.* A statute is evaluated under "strict scrutiny" if it interferes with a "fundamental right" or discriminates against a "suspect class." *Id.* Otherwise, the challenged classification in a statute need only be "rationally related to a legitimate governmental purpose" to survive the equal protection challenge (the "rational basis" test). *Id.* Appellant does not argue he is impaired from exercising a fundamental right in this case. *See Casarez,* 913 S.W.2d at 473. Appellant argues, however, that because he "can never be a mother . . . he is in a suspect class as a male." Sections 49.08 and 49.12 do not discriminate on the basis of gender, and prosecution for causing the death of an unborn child by intoxication manslaughter is not limited to males. *See* Tex. Penal Code Ann. §§ 49.08, 49.12 (Vernon Supp.2009). Anyone, male or female, whose conduct is not exempted by section 49.12 is subject to prosecution. *See id.* § 49.12. Thus, there is no fundamental right or suspect class at issue in this case.

Under a rational relationship review, the Court presumes the discriminatory classification is valid, and such a discriminatory classification will be upheld so long as it bears a rational relationship to any legitimate governmental interest. *Casarez,* 913 S.W.2d at 473. As stated in *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970):

> [A] State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.

When a statutory classification does not implicate a fundamental right or place a burden on a suspect class of persons, the proper standard of review is to determine whether there is a rational basis for the different treatment, which is to say, whether the classification bears a rational relationship to a legitimate state interest. *Papke v. State,* 982 S.W.2d 464, 466 (Tex. App.-Austin 1998, pet. ref'd, untimely filed) (citing *City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985)). In determining whether the legislature had a rational basis for its actions, we must uphold the law if we can conceive of any rational basis for the legislature's action. *Owens Corning v. Carter,* 997 S.W.2d 560, 581 (Tex.1999); *Smith v. State,* 149 S.W.3d 667, 671 (Tex.App.-Austin 2004, pet. ref'd).

The statute appellant challenges is consistent with other Texas statutes that exempt the conduct of a mother of an unborn child from prosecution. *See* TEX. PENAL CODE ANN. §§ 19.06, 22.12, 49.12 (Vernon Supp.2009) (chapters regarding criminal homicide and assaultive offenses and offenses of intoxication assault and intoxication manslaughter not applicable to conduct committed by mother of unborn child). The statute bears a rational relationship to the State's legitimate interest in promulgating a consistent statutory scheme. *See Owens Corning,* 997 S.W.2d at 581; *Smith,* 149 S.W.3d at 671. Further, the statute is rationally related to the legitimate governmental interest of protecting unborn children from criminal activity. *Commonwealth v. Bullock,* 590 Pa. 480, 913 A.2d 207, 215 (2006) (homicide statute not applicable to mothers of unborn children "plainly aimed at protecting fetal growth and development from unlawful interference"). Because we conclude appellant's prosecution under the Texas statute at issue here does not violate his right to equal protection, we overrule appellant's first and second points of error.

We affirm the trial court's judgment.