**Affirm and Opinion Filed July 31, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00898-CR

### JOHN ANTHONY MARGETIS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 9
Dallas County, Texas
Trial Court Cause No. MB1251720**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Schenck
Opinion by Justice Lang

John Anthony Margetis, pro se, appeals the trial court's judgment convicting him of indecent exposure. The jury found Margetis guilty and assessed his punishment at a fine in the amount of $1,500. Margetis raises four issues on appeal, arguing: (1) his right to an impartial jury under the Sixth Amendment to the United States Constitution was violated; (2) his due-process right under article 1, section 19 of the Texas Constitution was violated; (3) the trial court erred when it overruled his objection to a juror and request to cross-examine the juror; and (4) the trial court erred when it coerced an ill juror, who was on medication and stated she had a problem with the case, to remain on the jury.

### I. AUTHORITIES AS TO BRIEFING REQUIREMENTS

Initially, we note that, although Margetis raises four issues on appeal, he cites no authority establishing any rule or standard against which we should judge the alleged errors.

Rule 38.1 requires that a brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). The brief must include, among other things, appropriate citations to the applicable legal authorities and an explanation of how those authorities apply to the facts of the case at hand. *See Walder v. State*, 85 S.W.3d 824, 826 (Tex. App.—Waco 2002, no pet.). The briefing rules should be construed liberally and are "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." TEX. R. APP. P. 38.9. However, the failure to present argument or authorities in support of an assertion results in waiver of the issue. *See State v. Gonzales*, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); *Delapaz v. State*, 228 S.W.3d 183, 197 n.20 (Tex. App.—Dallas 2007, pet. ref'd); *see also Kiss v. State*, 316 S.W.3d 665, 667 (Tex. App.—Dallas 2009, pet. ref'd). A pro se litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his pro se rights. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (pro se litigant is held to same standards as licensed attorney and must comply with applicable laws and rules of procedure).

## II. DISCUSSION OF APPELLANT'S BRIEFING

In his amended brief,[1] Margetis argues as to issue one, the following, which we quote in its entirety:

> **I. The [trial court] erred by denying [] Margetis of his right to an impartial jury.**
>
> If [the trial court] would have followed the constitution, and law, then this trial would have resulted in a mistrial. A new jury panel would have been selected, which would have most likely acquitted [] Margetis of the alleged charge.

(Emphasis in orig.).

---

[1] The Clerk of the Court sent Margetis a letter advising him that the first brief he filed in this case did not meet the requirements of Texas Rule of Appellate Procedure 38.1 and specifying the areas in which the brief was deficient. *See* TEX. R. APP. P. 38.9(a). In response, Margetis filed an amended brief, which we discuss in this opinion.

As to issue two, Margetis states only the following in bold print: "**II. The [trial court] erred by denying [] Margetis of due process by coercing a jury member, who stated in open court that she was not comfortable with this case at all, and who was ill and on medication to stay on the jury panel.**" (Emphasis in orig.). Margetis provides no argument or authorities for this issue, but generally references, without explanation, nine pages of the reporter's record.

As to issue three, Margetis argues in bold print:

> **III. The [trial court] erred when it was brought to the [trial court's] attention that when the juror told the court reporter that she had a problem with the whole case, and that she was sick, and Margetis objected, and asked to cross examine her to see if she would be fair and impartial, the [trial] court denied the request.**

(Emphasis in orig.). Then, in support of issue three, Margetis makes the following argument, which we quote in its entirety:

> During voir dire by the prosecutor, it is clear that this juror through he own statements, stated that she could not be fair and impartial and that she's confused. It appears that she was sick and could not concentrate. "The test for abuse of discretion requires us to determine whether the trial court acted in an arbitrary or unreasonable manner without references to any guiding rules or principles." [Citation omitted.]
>
> "The trial court abuses its discretion if it acts without reference to any guiding principles or acts arbitrarily or unreasonable." [Citation omitted.]
>
> By the [trial] court's actions, it clearly abused its discretion and acted unreasonably.

This argument merely sets forth the abuse of discretion standard of review. Also, Margetis generally references, without explanation, the same nine pages of the reporter's record as cited for issue two.

As to issue four, Margetis states only the following in bold print: "**IV. The [trial court] erred by releasing the alternate jurors and coercing the ill juror to stay on the panel, who was on medication, who stated she had a problem with the case.**" (Emphasis in orig.). Margetis provides no argument to support issue four.

–3–

## III. ANALYSIS

Margetis cites no authority as to the rules of law applicable to the alleged errors. Nor does he suggest the significance of the alleged errors to demonstrate why the trial court was in error and any such actions could have affected the outcome of his case. Further, Margetis cites only nine pages of the reporter's record, but does not indicate how the content of those pages relates to the alleged errors. Margetis simply asserts all of the trial court's decisions were abuses of discretion. We conclude Margetis has waived all four of his issues on appeal by failing to adequately brief them. *See* TEX. R. APP. P. 38.1(i); *Gonzales*, 855 S.W.2d at 697; *Delapaz*, 228 S.W.3d at 197 n.20.

Even if we were to consider the merits of Margetis's four issues, we would reject his complaints because they are not supported by the record. The record shows that, after the jury was impaneled, the other venire members were released. When the jury returned from lunch, the trial court learned that a juror was unwell and questioned her. In response to the trial court's questions, the juror stated that she had a sinus infection and was taking medication. However, when the trial court asked the juror if she could concentrate, watch, and listen, the juror responded, "I can try to do that, yes." Also, the trial court offered to accommodate the juror by starting the proceedings at a later time the next day so that the juror could see her physician. When the trial court finished questioning the juror, Margetis, who appeared pro se in the trial court, stated:

> I'd like the record to reflect that juror number three is sick, and she basically is being forced to sit on this panel.
>
> And, secondly, the court reporter told us that somebody talked to her back in the jury room, and she said she doesn't feel comfortable with this whole thing. So we have two things going on here. We have a juror that's sick, and we have a juror that made the statement—I don't know to whom, somebody back in the jury room, that she doesn't feel comfortable.

And I want a fair trial. That's all I battle for. That's all I've asked for. I want my due process. I want the scales equal. That's what the justice system requires, and I think we need to bring her back in here and interrogate her. Somebody—[] your court reporter, made the statement that she had a problem with this whole thing.

So if she's—I think she's sick still. She's got sinus [sic].

. . . .

Well, bottom line is, I don't think we have a choice but to dismiss her. I mean, she's sick, and she made a statement to somebody in the jury room that she's not comfortable with any of this.

The State responded in the trial court that there were "no signs of coercion," the juror stated she could "sit" and would let the trial court know if she was feeling too ill to listen to the evidence. The State argued that "how she feels about the subject matter really is irrelevant" and pointed out that the juror indicated, during voir dire, that she could be fair, listen to this type of case, and make a ruling based on the evidence. As a result, the State contended that there was no evidence before the trial court rendering the juror incapable of serving. Margetis responded that he "object[ed] to that." Margetis claimed the juror had changed her mind and she was not going to be fair or impartial. The trial court noted that the juror did not say those things, but only that "she's uncomfortable with the topic," and did not say that she could not be fair or sit on the jury. Then, the trial court overruled Margetis's objections.

In response, Margetis asked "Is there anyway [sic] we could question her further as to being impartial and partial?" The State objected on the basis that the trial court had fully inquired as to the juror's ability to serve and further questioning would not be material or relevant. Margetis replied that there were clearly documented "ex parte communications" because the juror had spoken with someone in the jury room. The trial court overruled his objection, stating that the juror "did not discuss this with the [trial] court." Once again, Margetis asked "Is there anyway [sic], Your Honor, that we just question her one more time?" and the trial court answered "No."

In all four issues, Margetis bases his contentions about trial court error on the premise that an ill juror, who apparently obtained medication, was not impartial because the juror stated that she "had a problem" with the case and was coerced to sit on the jury, and the alternate jurors were released. However, the record does not support Margetis's contentions. There were no alternate jurors. The juror on which Margetis focuses, who allegedly could not be impartial, stated she had a sinus infection and was taking medication. However, she also said that she could concentrate, watch, and listen to the trial. Further, the trial court offered to accommodate the juror and did accommodate the juror due to her sinus infection.

Issues one through four are decided against Margetis.

The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140898F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN ANTHONY MARGETIS, Appellant

No. 05-14-00898-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9, Dallas County, Texas
Trial Court Cause No. MB1251720.
Opinion delivered by Justice Lang. Justices Bridges and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of July, 2015.