**Affirmed as Modified and Opinion Filed March 20, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00041-CR**

**ANTHONY YUMA DUNCAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F20-75167-P**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

Anthony Yuma Duncan, pro se, appeals the trial court's judgment convicting him for failure to register as a sex offender. Appellant appears to argue he was not required to register as a sex offender after he was convicted of a sex offense in 1992.

### BRIEFING REQUIREMENTS

An appellant's brief must comply with rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. After appellant filed his initial brief, this Court sent a letter to him. The letter informed appellant that his brief did not comply with rule 38.1 because it failed to include an index of parties and counsel,

index of authorities, statement of the case, and a summary of the argument; further, this Court informed appellant that the argument section of his brief did not cite to authorities or to the record. Although appellant filed an amended brief, his amended brief also does not comply with rule 38.1.

Rule 38.1 requires that a brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). The brief must include, among other things, appropriate citations to the applicable legal authorities and an explanation of how those authorities apply to the facts of the case at hand. *Margetis v. State*, No. 05-14-00898-CR, 2015 WL 4600479, at *1 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op., not designated for publication) (citing *Walder v. State*, 85 S.W.3d 824, 826 (Tex. App.–Waco 2002, no pet.)). The briefing rules should be construed liberally and are "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." TEX. R. APP. P. 38.9. However, the failure to present argument or authorities in support of an assertion results in waiver of the issue. *Margetis*, 2015 WL 4600479, at *1 (citing *State v. Gonzales*, 855 S.W.2d 692, 697 (Tex.Crim.App.1993); *Delapaz v. State*, 228 S.W.3d 183, 197 n.20 (Tex. App.—Dallas 2007, pet. ref'd); *Kiss v. State*, 316 S.W.3d 665, 667 (Tex. App.—Dallas 2009, pet. ref'd)). A pro se litigant must comply with the rules of procedure and is not to be granted any special treatment because he has asserted his pro se rights. *Id.* (citing *Johnson v. State*, 760 S.W.2d 277, 279 (Tex.Crim.App.1988) (pro se litigant

is held to same standards as licensed attorney and must comply with applicable laws and rules of procedure)).

Appellant's brief does not include an index of legal authorities and also does not include any citations to applicable legal authorities or any explanation about how any legal authorities apply to the facts of the case. While appellant purports to provide citations to the reporter's record, the Court is not clear how he determined those citations. Further, although appellant's brief references Exhibits A, B, C, D, and E, exhibits with those labels are not found in the record. We conclude appellant failed to present any argument that will enable this Court to decide the case, and he has waived any arguments he seeks to present.

MODIFICATIONS TO JUDGMENT

In a single cross-issue, the State requests we modify the judgment to show appellant represented himself and was not represented by counsel at trial, appellant pleaded guilty rather than not guilty to the charged offense, and court costs of $301. We may modify a trial court's written judgment if the necessary information to do so is contained in the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The judgment incorrectly states appellant was represented by counsel at trial and he pleaded guilty to the charged offense; the record shows appellant represented himself at trial and pleaded not guilty to the charged offense. Further, the judgment

–3–

assesses court costs of $286. However, the certified bill of costs shows the court costs were $301. We sustain the State's cross issue.

CONCLUSION

We modify the trial court's judgment to state appellant represented himself at trial, appellant pleaded not guilty, and court costs are $301. As modified, we affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

230041f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY YUMA DUNCAN,
Appellant

No. 05-23-00041-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F20-75167-P.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Plea to Offense," we **DELETE** the word "Guilty" and **ADD** the words "Not Guilty."

Under the heading "Attorney for Defendant," we **DELETE** the words "Allan Fishburn, Bar # 07049110" and **ADD** the words "Pro Se."

Under the heading "Court Costs," we **DELETE** the amount of $286 and **ADD** the amount of $301.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 20th day of March, 2024.