ACCEPTED
01-14-00857-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/18/2015 9:11:08 AM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00857-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

——————◆——————

### No. 1410607

In the 185th District Court
Of Harris County, Texas

——————◆——————

**JESSE DIMAS ALVARADO**
*Appellant*

V.

**THE STATE OF TEXAS**
*Appellee*

——————◆——————

STATE'S APPELLATE BRIEF

——————◆——————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/18/2015 9:11:08 AM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ABBIE MILES**
State Bar No: 24072240
Assistant District Attorney
Harris County, Texas

**SARAH BRUCHMILLER**
**NEIL KRUGH**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainant, victim, or aggrieved party:

**State of Texas**

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Abbie Miles** — Assistant District Attorney on appeal

**Neil Krugh & Sarah Bruchmiller** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Jesse Dimas Alvarado**

Counsel for Appellant:

**Timonthy Hootman** — Counsel on appeal

**Brian Coyne** — Counsel at trial

Trial Judge:

**Hon. Susan Brown** — Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………………………...…i

IDENTIFICATION OF THE PARTIES…………………………………….……..i

INDEX OF AUTHORITIES…………………………………………….……iii

STATEMENT OF THE CASE……………………………………………..1

STATEMENT OF THE FACTS…………………………………….………....1

SUMMARY OF THE ARGUMENT……………………………………......4

REPLY TO APPELLANT'S FIRST ISSUE PRESENTED
The evidence is legally sufficient because the firearm was found in the closet of appellant's bedroom where he had lived for eight months, his personal belongings were in the bedroom, and the firearm was partially exposed and visible with the naked eye to anyone going into the closet where appellant's clothes were hung. Additionally, appellant's allegation that § 46.01(a)(1) of the Texas Penal Code violates the Texas and United States Constitution is contrary to caselaw that has consistently held that prohibiting felons from possessing firearms bears a rational basis to the goal of precluding the abuse of firearm possession by felons……………………………..5

REPLY TO APPELLANT'S SECOND ISSUE PRESENTED
Appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. If this Court chooses to address the merits of appellant's claim, it is possible that trial counsel chose not to object to State's Exhibit 4 to further the defensive theory that although appellant engaged in criminal behavior, nothing in his background suggested that he was violent or had any previous association with firearms. Further, if it was error for trial counsel to fail to object to the complained of evidence, appellant has not established that he was prejudiced by trial counsel's failure because the complained of evidence revealed no association with firearms or violence…………………………………………………………………....…..15

CONCLUSION……………………………………………………………27

CERTIFICATE OF SERVICE…………………………………….……....………28.

# INDEX OF AUTHORITIES

## Cases

*Alvarado v. State*,
912 S.W.2d 199 (Tex. Crim. App. 1995)................................................................. 7

*Bingham v. State*,
915 S.W.2d 9 (Tex. Crim. App. 1994) ................................................................... 17

*Bone v. State*,
7 S.W.3d 828 (Tex. Crim. App. 2002)................................................................... 25

*Bone v. State*,
77 S.W.3d 828 (Tex. Crim. App. 2002................................................................... 17

*Brooks v. State*,
323 S.W.3d 893 (Tex. Crim. App. 2010)(plurality op.)........................................... 7

*Burns v. State*,
122 S.W.3d 434 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd) ........................ 20

*Caldwell v. State*,
686 S.W.2d 363 (Tex. App.—Houston [1st Dist.] 1985, no pet.). ............................ 9

*Cannon v. State*,
668 S.W.2d 401 (Tex. Crim. App. 1984)............................................................... 17

*Charles v. State*,
146 S.W.3d 204 (Tex. Crim. App. 2004)............................................................... 18

*Clayton v. State*,
235 S.W.3d 772 (Tex. Crim. App. 2007)................................................................. 8

*Conner v. State*,
67 S.W.3d 192 (Tex. Crim. App. 2001)................................................................... 7

*Davis v. State*,
930 S.W.2d 765 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd)....................... 18

*Dewberry v. State,*
   4 S.W.3d 735 (Tex. Crim. App. 1999) ........................................................ 7

*Downs v. State,*
   244 S.W.3d 511 (Tex. App.--Fort Worth 2007, pet. ref'd) .................................... 20

*Evans v. State,*
   202 S.W.3d 158 (Tex. Crim. App. 2006) ............................................................. 10

*Ex parte Granviel,*
   561 S.W.2d 503 (Tex.Crim.App.1978) ................................................................ 14

*Ex parte Jimenez,*
   364 S.W.3d 866 (Tex. Crim. App. 2012) ............................................................. 23

*Fuentes v. State,*
   991 S.W.2d 267 (Tex. Crim. App. 1999) ............................................................... 7

*Gamble v. State,*
   916 S.W.2d 92 (Tex. App.—Houston [1st Dist.] 1996, no pet) ............................. 18

*Garay v. State,*
   940 S.W.2d 211 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) ........................ 13

*Gipson v. State,*
   No. 05-01-00770-CR, 05-01-00771-CR, 05-01-0073-CR, 2003 WL 21053918 (Tex.
   App.—Dallas May 12, 2003, no pet.) .................................................................. 12

*Goodspeed v. State,*
   187 S.W.3d 390 (Tex. Crim. App. 2005) ............................................................. 18

*Gutierrez v. State,*
   628 S.W.2d 57 (Tex. Crim. App. 1980). ............................................................... 9

*Hooper v. State,*
   214 S.W.3d 9 (Tex. Crim. App. 2007) .................................................................. 8

*Huerta v. State,*
   359 S.W.3d 887 (Tex. App.--Houston [14th Dist.] 2012, no pet.) ........................ 19

*Jackson v. State*,
877 S.W.2d 768 (Tex. Crim. App. 1994) ................................................................ 18

*Jackson v. Virginia*,
443 U.S 307 (1979) .................................................................................................. 7

*Jordan v. State*,
56 S.W. 326 (Tex. App.—Houston [1st Dist.] 2001, pet ref'd) ........................ 13, 15

*Lewis v. United States*,
445 U.S. 55 (1980) .................................................................................................. 14

*Lopez v. State*,
343 S.W.3d 137 (Tex. Crim. App. 2011) ............................................................... 18

*Mata v. State*,
226 S.W.3d 425 (Tex. Crim. App. 2007) .......................................................... 18, 19

*Matson v. State*,
819 S.W.2d 839 (Tex. Crim. App. 1991) ................................................................ 8

*McFarland v. State*,
928 S.W.2d 482 (Tex. Crim. App. 1996) .............................................................. 17

*National Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*,
700 F. 3d. 185 (5th Cir. 2012) ............................................................................... 14

*Newsome v. State*,
703 S.W.2d 750 (Tex. App.—Houston [14th Dist.] 1985, no pet) ........................ 25

*Nicholas v. State*,
56 S.W.3d 760 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd). ....................... 6

*Olivarez v. State*,
171 S.W.3d 283 (Tex. App.—Houston [14th Dist.] 2005, no pet.). ....................... 10

*Ortiz v. State*,
93 S.W.3d 79 (Tex Crim. App. 2002). .................................................................... 22

*Pomier v. State*,
326 S.W.3d 373 (Tex. App.—Houston [14[th] Dist.] 2010, no pet.)............................ 7

*Ramos v. State*,
45 S.W.3d 305 (Tex. App.--Fort Worth 2001, pet. ref'd) ....................................... 20

*Richardson v. Ramirez*,
418 U.S. 25 (1974)................................................................................... 15

*Rylander v. State*,
101 S.W.3d 107 (Tex. Crim. App. 2003)....................................................... 18

*Safari v. State*,
961 S.W.2d 437 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd, untimely) ........ 18

*Smith v. State,*
821 S.W.2d 844 (Tex. Crim. App. 1986)...........................................................6, 13

*Strickland v. Washington*,
466 U.S. 668, 104 S.Ct. 2052 (1984). ...............................................................16, 17

*Swearingen v. State*,
101 S.W.3d 89 (Tex. Crim. App. 2003)........................................................... 8

*Taylor v. State*,
106 S.W.3d 827 (Tex. App.—Dallas 2003, no pet.)............................................ 10

*Thompson v. State*,
9 S.W.3d 808 (Tex. Crim. App. 1999) ............................................... 16, 17, 24, 25

*Toney v. State*,
3 S.W.3d 199 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) ....................... 18

*United States v. Allbright*,
59 F. 3d 1241 (5th Cir. 1995) (unpublished) ....................................................... 12

*United States v. Bernal*,
No. L-08-321, 2008 WL 2078164 (S.D.Tex. May 15, 2008) ................................. 14

*United States v. Darrington,*
  351 F.3d 632 (5th Cir. 2003) ............................................................... 14

*United States v. Emerson,*
  270 F.3d 203 (5th Cir. 2001) ................................................................. 14

*United States v. Everist,*
  368 F.3d 517 (5th Circ. 2004) .............................................................. 14

*United States v. Taylor,*
  184 F.3d 816 (5th Cir. 1999) (unpublished) ........................................... 12

*Vasquez v. State,*
  819 S.W.2d 932 (Tex. App.—Corpus Christi 1991, pet. ref'd) ............................. 22

*Villani v. State,*
  116 S.W.3d 297 (Tex. App.—Houston [14[th] Dist.] 2003, pet. ref'd.) ...................... 7

*Walker v. State,*
  222 S.W.3d 707 (Tex. App.—Houston [14[th] Dist.] 2007, pet. ref'd) ...................... 15

*Wert v. State,*
  383 S.W.3d 747 (Tex. App.--Houston [14th Dist.] 2012, no pet.) ......................... 19

*Wilkerson v. State,*
  736 S.W.2d 656 (Tex. Crim. App. 1987) .............................................. 21

*Williams v. State,*
  No. 11-06-00148-CR, 2008 WL 384566 (Tex. App.—Eastland Feb. 14 2008, no pet)
  ............................................................................... 12

*Wilson v. State,*
  44 S.W.3d 602 (Tex. App.--Fort Worth 2001, pet. ref'd) ................................. 14

*Winter v. State,*
  725 S.W.2d 728 (Tex. App.—Houston [1[st] Dist.] 1986, no pet.). ......................... 9

*Wright v. State,*
  401 S.W.3d 813 (Tex. App.—Houston [14[th] Dist.] 2013, pet ref'd) ..................... 10

*Wyatt v. State*,
    23 S.W.3d 18 (Tex. Crim. App. 2000) ...................................................................... 7

## Statutes
TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2013). ........................................ 9
TEX. PENAL CODE. ANN. § 46.04(a)(1) (West 2011) ...................................... 8, 22, 24


## Other Authorities
Don B. Kates, *Second Amendment, in* 4 *Encyclopedia of the American Constitution* 1640
    (Leonard W. Levy et al. eds., 1986) ....................................................................... 14

## Rules
TEX. R. APP. P. 9.4(g) .......................................................................................................
TEX. R. APP. PROC. 33.1(a) ........................................................................................... 6
TEX. R. APP. P. 38.2(a)(1)(A)........................................................................................ i
TEX. R. APP. PROC. 38.1(i). ...................................................................................... 20
TEX. R. APP. P. 38.2(a)(1)(A)........................................................................................ i
TEX. R. APP. P. 39.1........................................................................................................ i
TEX. R. EVID. 402 and 403............................................................................................ 22
TEX. R. EVID. 404(b). .................................................................................................... 21

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged with being a felon in possession of a firearm, having been previously convicted of sexual assault of a child (C.R. 9, 40). Appellant entered a plea of not guilty to the offense (R.R.III 9). The jury found appellant guilty, and the trial court sentenced appellant to confinement for 5 years in the Texas Department of Criminal Justice (R.R.IV 35, 39; C.R. 40). A written notice of appeal was timely filed (C.R. 40-44).

———————◆———————

## STATEMENT OF FACTS

The State challenges all factual assertions in appellant's brief and presents the following account of the facts.

Deputy Russell Ackley, of the Harris County Sheriff's Office, was assigned to an FBI task force, and on December 5, 2013, was charged with the task of overseeing the execution of a search warrant at 137 Soren Lane in Houston, Harris County, Texas (R.R.III 15-16). Deputy Ackley's investigation into that home discovered that

Jesse Alvarado, appellant, lived there, and that he was a registered sex offender (R.R.III 24, 38-39).[1]

Officers David Nieto and Don Miller were also assigned to assist in the execution of the search warrant on the house on Soren Lane (R.R.III 42-43, 79). The house had a sign that read "Familia Dimas Alvarado" displayed on the exterior of the house (R.R.III 17). Upon arrival at the house, the SWAT team made entry into the home, and encountered four occupants (R.R.III 18-19, 44). The four people were Alfred Alvarado, Ms. Alvarado, a young female, and appellant (R.R.III 19). Ms. Alvarado was the mother of Alfred and appellant (R.R.III 19).

Interviews of the occupants of the house were conducted and evidence was collected (R.R.III 20-21). Evidence was recovered from the house (R.R.III 21). Officer Nieto found a 9 mm semiautomatic Beretta pistol, a firearm, in appellant's room on a shelf located towards the top of the closet (R.R.III 21, 23, 26, 33, 46-47, 51-52). The back end of the firearm was visible, unobstructed, and could be seen with the naked eye (R.R.III 60, 73). The firearm was photographed, recovered, and cleared so the search could continue (R.R.III 55). Appellant admitted that the room where the gun was found belonged to him (R.R.III 46). Scales and plastic baggies commonly used to package narcotics were also found in the bedroom along with "wrapped up money" (R.R.III 22, 47). Appellant's wallet containing his driver's license and

---

[1] Appellant was previously convicted of sexual assault of a child in cause number 933555 of the 228th district court of Harris County, Texas, and served 8 years confinement (R.R.III 58). Appellant was released from custody on July 1, 2011 (R.R.III 26).

offender card were also found in the room with men's clothes (R.R.III 47). There was a window in the bedroom through which someone could gain entry directly to the bedroom from outside (R.R.III 47). In the window was a surveillance camera that was hooked up to a digital recording device and a television (R.R.III 47). Narcotics were also found in a white vehicle that parked outside the house that belonged to appellant's brother, Rudy Alvarado (R.R.III 28-30). Rudy was a gang member with extensive criminal history that included arrests for narcotics and firearms (R.R.III 29).

Alfred Alvarado testified at trial and claimed to having bought a firearm for protection because of the crime in the area (R.R.III 87). Alfred claimed that the room where the gun was found was his room up until April of 2013 (R.R.III 88). Appellant moved into that room in May 2013 (R.R.III 91-92). Alfred acknowledged that he knew his brother could not "be around guns" and thought he pawned the firearm (R.R.III 92). Alfred tried to take responsibility for the firearm and claimed that appellant did not know it was there (R.R.IV 5-6, 10). Juanita Alvarado, appellant's mother, also testified on his behalf (R.R.IV 13). She admitted that the closet where the gun was found had appellant's clothes in it (R.R.IV 18). She also claimed she did not know about the existence of a security system in the appellant's room (R.R.IV 19-20). Ms. Alvarado admitted to not knowing what her sons possessed in the house because they were adults and "[[didn't] tell her things" (R.R.IV 22).

————————◆————————

## SUMMARY OF THE ARGUMENT

The evidence is legally sufficient because the firearm was found in the closet of appellant's bedroom where he had lived for eight months, his personal belongings were in the bedroom, and the firearm was partially exposed and visible with the naked eye to anyone going into the closet where appellant's clothes were hung. Additionally, appellant's allegation that § 46.04(a)(1) of the Texas Penal Code violates the Texas and United States Constitution is contrary to caselaw that has consistently held that prohibiting felons from possessing firearms bears a rational basis to the goal of precluding the abuse of firearms possession by felons.

Additionally, appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. If this Court chooses to address the merits of appellant's claim, trial counsel chose not to object to State's Exhibit 4 because the records were admissible to prove an element of the offense, that appellant was a convicted felon within five years of his release date. If this Court finds that the complained of evidence was inadmissible, it is possible that trial counsel decided to not object to this evidence to further the defensive theory that, although appellant engaged in bad acts, nothing in his background suggested that he was violent or had any previous association with firearms. Further, if it was error for trial counsel to fail to object to the complained of evidence, appellant has not established that he was

prejudiced by trial counsel's failure because his criminal history revealed no association with firearms or violence.

———————◆———————

## **REPLY TO FIRST POINT OF ERROR**

Appellant argues that the evidence that appellant possessed the firearm was legally insufficient because appellant was not affirmatively linked to the firearm, and because § 46.04(a)(1) of the Texas Penal Code violates the Texas and United States Constitution. However, the evidence affirmatively linking appellant to the firearm is legally sufficient because the firearm was found in the closet of appellant's bedroom in which he had exclusively lived for eight months, and where his clothes were hanging in the closet. Appellant admitted that the room belonged to him and his wallet and identification were found in the room. Additionally, appellant appeared to be selling drugs from the bedroom, and installed a surveillance system to monitor activity outside the bedroom window. All of these facts affirmatively link appellant to the firearm that was partially in plain view on the shelf of appellant's closet.

Regarding the constitutional challenge, caselaw that has consistently held that prohibiting felons from possessing firearms bears a rational basis to the goal of precluding the abuse of firearms possession by felons, and thus does not run afoul the Texas or United States Constitution.

Preservation of error

On appeal, appellant claims that § 46.04(a)(1) of the Texas Penal Code violates the article I Section 23 of the Texas Constitution, and the Second Amendment of the United States Constitution.[2] Appellant made no constitutional objection to the trial court. It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object." *Smith v. State,* 821 S.W.2d 844, 855 (Tex. Crim. App. 1986). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely and specific request, objection, or motion. TEX. R. APP. PROC. 33.1(a). Even constitutional right may be waived. *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996) (finding waiver of cruel and unusual punishment argument for failure to object); *Nicholas v. State,* 56 S.W.3d 760, 768 (Tex. App.--Houston [14th Dist.] 2001, pet. ref'd).

Since appellant did not raise this constitutional challenged to § 46.04(a)(1) in the trial court, he has waived the ability to challenge its constitutionality on appeal. Appellant's point of error regarding the constitutionality of § 46.04(a)(1) should be overruled for this reason alone.

**Standard of Review**

Legal sufficiency is the only standard a reviewing court should apply in evaluating whether the evidence proving each element of the charged offense has been proven beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.

---

[2] Appellant's brief at 41-42.

Crim. App. 2010)(plurality op.); *Pomier v. State*, 326 S.W.3d 373, 378 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Accordingly, this Court must apply a legal-sufficiency standard when addressing appellant's sufficiency arguments. *Brooks*, 323 S.W.3d at 912; *Pomier*, 326 S.W.3d at 378.

Under a legal sufficiency review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S 307, 319 (1979); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). This Court considers all the evidence and the reasonable inferences therefrom. *Conner*, 67 S.W.3d at 197; *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1995). The jury, as the trier-of-fact, "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999); *Villani v. State*, 116 S.W.3d 297, 301 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd.). This Court should not re-evaluate the weight and credibility of the evidence and thereby substitute its judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *Villani*, 116 S.W.3d at 301.

Reconciliation of conflicts in the evidence is within the exclusive province of the jury, and the jury may choose to believe some testimony and disbelieve other testimony. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). There is a presumption that conflicted facts were resolved in favor of the prosecution. *Matson v.*

*State*, 819 S.W.2d 839, 847 (Tex. Crim. App. 1991). Each fact need not point directly and independently to the guilt of appellant, as long as the combined and cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper*, 214 S.W.3d at 13. The question is not whether a rational jury could have entertained a reasonable doubt, but whether it necessarily would have done so. *Swearingen v. State*, 101 S.W.3d 89, 96 (Tex. Crim. App. 2003). The "cumulative force" of all circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

Analysis

An offense is committed when "[a] person who has been convicted of a felony…possesses a firearm [] after the conviction and before the fifth anniversary of the person's release from confinement following the conviction of the felony or the person's release from supervision, under community supervision, parole, or mandatory supervision, which is later." *See* TEX. PENAL CODE. ANN. § 46.04(a)(1) (West 2011). In the present case, appellant was accused of possessing a firearm on December 5, 2013, after being convicted of the felony offense of sexual assault of a child on August 12, 2013, and having been released from confinement as a result of

8

that conviction on July 3, 2011 (C.R. 9). "'Possession' means actual care, custody, control, or management." *See* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2013).

When the evidence shows that the defendant was not in exclusive possession of the contraband, the evidence must establish affirmative links between the defendant and the contraband. The affirmative link must be of such that a reasonable inference can be made that the accused knew of the contraband and exercised control over it. *Winter v. State*, 725 S.W.2d 728, 731 (Tex. App.—Houston [1ˢᵗ Dist.] 1986, no pet.). Without these additional facts and circumstances affirmatively linking the defendant to the contraband, it cannot be concluded that the defendant had knowledge or control over the contraband. *Cude*, 716 S.W.2d at 47; *Flores v. State*, 650 S.W.2d 429, 430 (Tex. Crim. App. 1983); *Caldwell v. State*, 686 S.W.2d 363, 365 (Tex. App.—Houston [1ˢᵗ Dist.] 1985, no pet.). The additional evidence can be circumstantial as long as the evidence excludes every other reasonable hypothesis except that of the guilt of the defendant. *Gutierrez v. State*, 628 S.W.2d 57, 60 (Tex. Crim. App. 1980).

The following non-exclusive list of factors may be the affirmative link(s) to a defendant and the contraband he is accused of possessing: (1) the defendant's presence when the search was conducted, (2) whether the contraband was in plain view; (3) the defendant's proximity to, and accessibility of, the narcotic; (4) whether

the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed narcotics or other contraband when arrested; (6) whether the defendant made incriminating statements; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of narcotics; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned, or had the right to possess, the place where the contraband was found; (12) whether the place where the contraband was found was enclosed; (13) whether the defendant was found with a large quantity of cash; (14) whether the conduct of the defendant indicated a consciousness of guilt; and (15) whether a large quantity of contraband was present. *See Evans v. State*, 202 S.W.3d 158, 162 n. 12 (Tex. Crim. App. 2006); *See also Wright v. State*, 401 S.W.3d 813, 818-19 (Tex. App.—Houston [14th Dist.] 2013, pet ref'd); *See also Olivarez v. State*, 171 S.W.3d 283, 291-92 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The number of links present is less important than the degree to which each link connects the accused to the contraband. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).

Appellant argues that the evidence is legally insufficient because "[t]here is no evidence that appellant actually knew that the pistol was inside the house, or that his brother had even purchased it" and "that a conviction under the circumstances of this case would result in a violation of constitutional rights of appellant's family members

and himself to keep and bear arms under article I, Section 23 and the Second Amendment."[3]

Turning to the first reason appellant urges as grounds for reversal, the evidence is legally insufficient to sustain the conviction because there was no evidence presented to the jury that appellant knew the firearm was in the house.[4] Appellant complains that since the firearm was not in plain view, and he did not flee or verbally associate himself with the firearm, the evidence affirmatively linking it to him is legally insufficient.[5] Appellant offers no similar fact scenario in which analogous evidence was found to be legally insufficient.

In the present case, appellant had been living in the bedroom attached of the closet where the firearm was found for eight months at the time the search warrant was executed (R.R.III 91-92). Appellant's clothes were in the closet were the firearm was found (R.R.III 47, R.R.IV 18). The back of the firearm was unobstructed and visible with the naked eye by anyone going into that closet (R.R.III 60, 73). Appellant admitted that the bedroom belonged to him (R.R.III 46). Appellant's wallet containing his driver's license and offender identification card were also found in the bedroom connected to the closet where the firearm was found (R.R.III 47). There was also evidence of the use and sale of narcotics (R.R.III 22, 47). Appellant also set up a surveillance camera in the bedroom (R.R.IV 19-20). The jury was entitled to rely upon

---

[3] Appellant's brief at 40-42.
[4] Appellant's brief at 40-41.
[5] Appellant's brief at 41.

all these fact to determine that appellant was in possession of the firearm. *See Gipson v. State*, No. 05-01-00770-CR, 05-01-00771-CR, 05-01-0073-CR, 2003 WL 21053918, at * 5 (Tex. App.—Dallas May 12, 2003, no pet.) (holding that the evidence proving possession of a firearm was factually sufficient when the State presented evidence that the firearm was accessible to the defendant and partially visible when the officer entered the room, and occupant of apartment testified it did not belong to her); *See Williams v. State*, No. 11-06-00148-CR, 2008 WL 384566, at * 3 (Tex. App.—Eastland Feb. 14 2008, no pet) (holding that possession evidence was sufficient when firearm was found in an unclosed space accessible to the defendant); *See also United States v. Taylor*, 184 F.3d 816 (5th Cir. 1999) (unpublished) (holding that evidence of possession was sufficient when contraband was found in defendant's room, and personal property belonging to him, narcotics, and money were also found in the room); *See also United States v. Allbright*, 59 F. 3d 1241 (5th Cir. 1995) (unpublished) (holding that evidence of possession of methamphetamine was sufficient when methamphetamine was found in a bedroom defendant admitted belonged to him that also contained drug paraphernalia, defendant's personal papers, and the co-occupant of the bedroom had not been in bedroom for two weeks).

The firearm was found in the closet of appellant's bedroom in which he had exclusively lived for eight months, and where his clothes were hanging in the closet. Appellant admitted that the room belonged to him and his wallet and identification were found in the room. Additionally, appellant appeared to be selling drugs from the

bedroom, and installed a surveillance system to monitor activity outside the bedroom window. All of these facts affirmatively link appellant to the firearm that was partially in plain view on the shelf in appellant's closet. Appellant's point of error should be overruled.

Appellant then argues that the "Court should nevertheless acquit [appellant] because…[a] conviction under the circumstances of this case would result in a violation of the constitutional rights of appellant's family members and himself to keep and bear arms under article I, section 23 and the Second Amendment."[6] Appellant neither provides authority that the proposition that appellant's family has standing to challenge the constitutionality, state or federal, of 46.04(a)(1) of the Texas Penal Code, nor that his constitutional rights have been infringed upon in any way.[7]

In addressing the constitutionality of a statute, the statute is to be presumed constitutional and valid, and construed in an effort to not run afoul the constitution. *Smith v. State,* 149 S.W.3d 667, 670 (Tex. App.-Austin 2004, pet. ref'd) (citing *Smith v. State,* 898 S.W.2d 838, 847 (Tex. Crim. App.1995)); *Jordan v. State,* 56 S.W.3d 326, 329–30 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd) (citing *Garay v. State,* 940 S.W.2d 211, 215 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd)). Appellant has the burden of establishing that 46.04(a)(1) is unconstitutional. *Jordan,* 56 S.W.3d at 330 (citing

---

[6] Appellant's brief at 41-42.
[7] Appellant's brief at 42-43.

*Garay,* 940 S.W.2d at 215); *Wilson v. State,* 44 S.W.3d 602, 604 (Tex. App.--Fort Worth 2001, pet. ref'd) (citing *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978)).

It is well established that the government may restrict access and possession of firearms to those finally convicted of a felony offense. *See National Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Forearms, and Explosives*, 700 F. 3d. 185 (5th Cir. 2012) (holding that "[o]ne implication of this emphasis on the virtuous citizen is that the right to arms does not preclude laws disarming the unvirtuous citizens (i.e., criminals) or those who, like children or the mentally imbalanced, are deemed incapable of virtue.") This theory suggests that the Founders would have supported limiting or banning "the ownership of firearms by minors, felons, and the mentally impaired." *See* Don B. Kates, *Second Amendment, in* 4 *Encyclopedia of the American Constitution* 1640 (Leonard W. Levy et al. eds., 1986); *See also United States v. Emerson,* 270 F.3d 203, 261 (5th Cir.2001) (inferring from scholarly sources that "it is clear that felons, infants and those of unsound mind may be prohibited from possessing firearms"); *See also United States v. Bernal*, No. L-08-321, 2008 WL 2078164, at * 3 (S.D.Tex. May 15, 2008) (holding that the defendant, a felon, "did not have a fundamental right to possess a Hipoint .45 caliber pistol on October 25, 2007."); *See United States v. Everist*, 368 F.3d 517, 519 (5th Circ. 2004); *United States v. Darrington*, 351 F.3d 632, 633-34 (5th Cir. 2003); *Emerson,* 270 270 F.3d at 260-61; *Lewis v. United States,* 445 U.S. 55, 66 (1980) (holding that Congress could rationally conclude that any felony conviction was a sufficient basis for restricting a felon's ability to possess a

firearm); *Richardson v. Ramirez*, 418 U.S. 25, 56 (1974) (holding the disenfranchisement of felons, even after completing their sentences and parole, does not violate equal protection).

Both the First and Fourteenth Courts of Appeal had found Texas Penal Code § 46.04 is constitutional. *See Walker v. State*, 222 S.W.3d 707, 712-13 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (relying on *Jordan* and holding that holding that precluding felons from possessing body armor is rationally related to the goal of precluding the abuse of such possession by felons); *See also Jordan v. State*, 56 S.W. 326, 330-31 (Tex. App.—Houston [1st Dist.] 2001, pet ref'd) (holding that the statute was rationally related to the goal of preventing felons access to firearms because of the increased risk of felons abusing firearm possession).

Appellant has not carried his burden of establishing that § 46.04(a)(1) violates the state or federal constitution. To the contrary, there is ample state of federal authority granted the State and Congress the authority to preclude those convicted of felony offenses from possession firearms. Appellant's point of error should be overruled.

## **REPLY TO SECOND POINT OF ERROR**

Appellant argues that trial counsel was deficient for failing to object to inadmissible and substantially prejudicial character evidence. However, appellant cannot over the presumption of reasonably competent representation in light of the

silent record. Additionally, trial counsel was not deficient because it is possible that trial counsel chose not to object to State's Exhibit 4 because the complained of evidence was admissible to prove an element of the charged offense. Also, one possible strategy for not objecting to the complained of evidence is that the evidence furthered the defensive theory that appellant had never previously engaged in conduct involving firearms. Further, appellant if it was error for trial counsel to fail to object to the complained of evidence, appellant has not established that he was prejudiced by trial counsel's failure because his criminal history revealed no association with firearms or violence.

Analysis

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) this deficiency was so prejudicial that it rendered the trial unfair. *Strickland v. Washington*, 466 U.S. 668, 677-78, 104 S.Ct. 2052, 2064 (1984). The first prong of the *Strickland* standard requires the defendant to show that counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Regarding the second prong, the defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* at 813.

An appellate court examines the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Id.* An appellate court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 688. Judicial scrutiny of counsel's performance must be highly deferential. *Id.* A defendant carries the burden of proving his claim of ineffective assistance of counsel by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). A defendant must overcome the strong presumption that an attorney's actions were sound trial strategy. *Strickland*, 466 U.S. at 688. Furthermore, a claim of ineffective assistance of counsel must be firmly supported by the record. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds*, *Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994).

The record on direct appeal usually will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.* In the majority of cases, the record on direct appeal is simply underdeveloped and cannot adequately reflect the alleged failings of trial counsel. *Id.* (quoting *Thompson*, 9 S.W.3d at 813-14).

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003); *see also Charles v. State*, 146 S.W.3d 204, 210 (Tex. Crim. App. 2004) (person with most, if not exclusive, knowledge of the salient facts regarding an ineffectiveness claim is usually defendant's trial counsel). Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

When the record is silent as to counsel's trial strategy, an appellate court may not speculate about why counsel acted as she did. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Toney v. State*, 3 S.W.3d 199, 210 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *Safari v. State*, 961 S.W.2d 437, 445 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd, untimely filed); *Davis v. State*, 930 S.W.2d 765, 769 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Without testimony from trial counsel, an appellate court must presume that counsel had a plausible reason for her actions. *Lopez v. State*, 343 S.W.3d 137, 142-43 (Tex. Crim. App. 2011); *Mata v. State*, 226 S.W.3d 425, 430-31 (Tex. Crim. App. 2007); *Safari*, 961 S.W.2d at 445. In the absence of such testimony, an appellate court cannot meaningfully address claims of ineffectiveness. *Davis*, 930 S.W.2d at 769.

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Huerta v. State*, 359 S.W.3d 887, 891 (Tex. App.--Houston [14th Dist.] 2012, no pet.). It is not sufficient that the defendant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Id.* Rather, to show that counsel's acts or omissions were outside the range of professionally competent assistance, the defendant must show that counsel's errors were so serious that he was not functioning as counsel. *Id.*

Following his conviction, appellant did not file a motion for new trial. As such, appellant's trial counsel has not had the opportunity to explain his trial strategy or how his actions and inactions were possibly consistent with such a strategy. Accordingly, the record is silent regarding counsel's strategy. In such a circumstance, it must be presumed that counsel had a plausible strategic reason for his manner of representation. *Mata*, 226 S.W.3d at 430-31. Facing a silent record, it would be inappropriate for a reviewing court to speculate that counsel's representation of appellant was not guided by sound trial strategy.

Given the silent record, appellant has failed to overcome the presumption that trial counsel's challenged actions and omissions were sound trial strategy. For this reason alone, appellant's allegations of ineffectiveness for failing to object character evidence regarding appellant should be defeated. *Wert v. State*, 383 S.W.3d 747, 757-58 (Tex. App.--Houston [14th Dist.] 2012, no pet.); *Downs v. State*, 244 S.W.3d 511, 515

(Tex. App.--Fort Worth 2007, pet. ref'd); *Burns v. State*, 122 S.W.3d 434, 436-37 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd); *see also Ramos v. State*, 45 S.W.3d 305, 311-12 (Tex. App.--Fort Worth 2001, pet. ref'd) (rejecting defendant's eighteen allegations of ineffectiveness solely because record was silent regarding trial counsel's strategy).

In the event this Court chooses to address the merits of appellant's claim of ineffective assistance of counsel despite the silent record, appellant's point of error should be overruled because the evidence was admissible and there was a strategic reason for not objecting to the evidence. Specifically, appellant complains that trial counsel did not object to the introduction of evidence regarding appellant's "prison records…containing the laundry list of bad-acts that appellant had, according to the records, engaged in over time."[8] Appellant points out that these records contain "evidence of multiple arrests, escape, masturbating in front of prison officials and use of all told forms of illegal narcotics imaginable…"[9] Appellant fails to cite to the record when discussing the evidence that he alleges trial counsel should have objected to.[10] The general allegations made by appellant do not identify which statements appellant is specifically complaining about or the legal grounds under which he believes each individual statements is inadmissible, and thus the point of error has not been adequately briefed. *See* TEX. R. APP. PROC. 38.1(i). As such, appellant has failed to demonstrate that trial counsel was deficient

---

[8] Appellant's brief at 48.
[9] Appellant's brief at 49.
[10] Appellant's brief at 48.

The State assumes for the sake of argument that appellant is referring to State's Exhibit 4, which consists of twenty-three pages of records from the Review and Release Processing Section of the Texas Department of Criminal Justice Parole Division (R.R.V State's Exhibit 4). Contained in such records are information about the underlying sexual assault, appellant's deferred adjudication probation, the motion and allegations to revoked appellant's deferred adjudication probation, his release date, family history, and the indictment (R.R.V State's Exhibit 4). Trial counsel did not object when the State offered State's Exhibit 4 (R.R.III 25).

A criminal defendant is "entitled to be tried on the accusations made in the State's pleading and he should not be tried for some collateral crime or being a criminal generally." *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987). Thus, evidence of other crimes, wrongs, or acts are not admissible to prove the character of the defendant, but may be admissible for other legitimate purposes. TEX. R. EVID. 404(b). "The general standard or test for the admission of an extraneous offense is whether the prosecution can show (1) that the offense or transaction is relevant to a material issued in the case, and (2) that the probative value of the evidence to the trier of fact outweighs its prejudicial or inflammatory nature." *Wilkerson*, 736 S.W.2d at 659. Appellant cites a long list of cases for the proposition

that appellant's failure to object to alleged bad character evidence rendered his performance deficient.[11]

To demonstrate ineffective assistance of counsel for failure to object to the admission of evidence or testimony, appellant must identify the specific objection and prove that it would have been successful. *Ortiz v. State*, 93 S.W.3d 79, 93 (Tex Crim. App. 2002). An isolated failure to object does not amount to deficient performance because whether "counsel provides a defendant adequate assistance is to be judged by the totality of the circumstances rather than by isolated acts or omissions." *Vasquez v. State*, 819 S.W.2d 932, 938 (Tex. App.—Corpus Christi 1991, pet. ref'd) (holding that trial counsel's performance was not deficient despite making the wrong objection and jury argument in light of the totality of the representation).

In the present case appellant was charged with possessing a firearm within five years of release from confinement, parole, or mandatory release. *See* TEX. PENAL CODE. ANN. § 46.04(a)(1) (West 2011). (C.R. 9). Thus, the record contained in State's Exhibit 4 was relevant and probative in proving an essential element of the charged offense, when appellant was convicted and then released from confinement. *See* TEX. R. EVID. 402 and 403.

Appellant has failed to demonstrate that redaction of some statements made in State's Exhibits 4 would have been required even had trial counsel objected. This Court should reject appellant's argument that the trial court's failure to object

---

[11] Appellant's brief at 45 footnote 7.

constituted ineffective assistance of counsel. *Ex parte Jimenez*, 364 S.W.3d 866, 887 (Tex. Crim. App. 2012) ("The failure to object to proper questions and admissible testimony…is not ineffective assistance."). To the extent that some information contained in State's Exhibit 4 may have been inadmissible, it is clear that trial counsel's strategy was to paint appellant as a man who committed and was convicted of a non-violent sex offense, and while the sexual nature of the offense may be offensive to some, there is no allegation that appellant was a violent person, or there were allegations that he was convicted of an offense involving violence or the use of a firearm (R.R.III 36-37, 39).[12] Highlighting the lack of firearms in appellant's past played perfectly into trial counsel's argument that the forearm was Alfred's and the officers moved it to make is visible when it actually was well hidden in the closet unbeknownst to appellant (R.R.IV 27-28). While this strategy may seem unconventional because, by necessity, it highlights the sexual nature of the underlying offense, it could ring true as brutally honest in the eyes of a jury because it is so unconventional. Even failing to object to the information contained in State's Exhibit 4 regarding the summary of the sexual assault could be strategic to highlight the absence of a weapon used in commission of the offense.

---

[12] Specifically, trial counsel highlighted that
"Q. [r]egarding his conviction for sexual assault of a child, that was not an aggravated sexual assault, was it?
 A.  No, sir, it was not.
Q. Aggravated sexual assault would have meant that he had forcible sex with somebody, wouldn't it?" (R.R.III 39).

Appellant argues that he was prejudiced by trial counsel's failure to object because "the records had no relevance to any issues to be decided by the jury other than to show that because appellant was a bad person in the past he must, logically, have been a bad person on this occasion and therefore been a felon in possession of that pistol."[13] This is factually inaccurate. The State had to prove the prior felony conviction as well as the conviction and release dates to prove the elements of the charged offense as discussed above. *See* TEX. PENAL CODE. ANN. § 46.04(a)(1) (West 2011). Thus the evidence that appellant complains of on appeal was relevant, and had a relevance and was not simply an attempt to paint appellant as a bad person.

Trial counsel's performance must be evaluated looking at the totality of the representation. *Thompson*, 9 S.W.3d at 813. During the trial, the location of the firearm and its ability to be seen with the naked eye by someone entering the closet became important in establishing possession. The State presented photographs of the firearm in an attempt to establish that the firearm was visible to anyone entering the closet (State's Exhibits 17 and 18). Position and location of the firearm became a pivotal issue in establishing appellant's possession or lack thereof, of the firearm. Trial counsel was able to get the officers to admit that the firearm had been moved prior to being photographed, thus calling into question the most compelling piece of the State's evidence (R.R.III 35, 63, 65-66, 69, 70). This clearly was consequential with the

---

[13] Appellant's brief at 48.

jury who deliberated for approximately an hour despite only about four hours of testimony (C.R. 59-60). *Id.*

Trial counsel called two witnesses, appellant's brother and his mother. Appellant's brother, Alfredo, testified that he bought firearms for his own personal protection, and the firearm in question did not belong to appellant (R.R.III 87-88, R.R.IV 5-6, 10). Mrs. Alvarado testified that, despite the fact that her belongings were in the closet where the firearm was found, she did not see or know a firearm was in the closet, thus making appellant's lack of awareness that the firearm was in his closet more plausible (R.R.IV 17). It cannot be said that trial counsel was ineffective when he called the testimony of the law enforcement officers into questions, and offered an alternative possessor for the firearm. *Thompson*, 9 S.W.3d at 813.

Assuming it was deficient for trial counsel to fail to object to inadmissible character evidence, it cannot be said that appellant suffered any prejudice as a result of this failure. *Bone v. State*, 7 S.W.3d 828, 833 (Tex. Crim. App. 2002). When trial counsel's strategy was to highlight the fact that his criminal past was non-violent trial counsel's strategy was to argue that appellant was a sex offender, not a violent person with any association to firearms, it cannot be said that appellant suffered prejudice as a result of failing to object to the admission of the evidence that furthered that strategy. *See Newsome v. State*, 703 S.W.2d 750 (Tex. App.—Houston [14th Dist.] 1985, no pet) (holding that trial counsel was not ineffective for using the defendant's "'bad

record as a youngster' as an explanation for the police officer's strong belief that they has the right man after they checked his criminal record").

Appellant cannot overcome the presumption of reasonably competent representation in light of the silent record. If this Court chooses to address the merits of appellant's claim, trial counsel chose not to object to State's Exhibit 4 because the evidence was admissible and to further the defensive theory that although appellant engaged in criminal behavior, nothing in his background suggested that he was violent or had any previous association with firearms. Further, if it was error for trial counsel to fail to object to the complained of evidence, appellant has not established that he was prejudiced by trial counsel's failure because his criminal history revealed no association with firearms or violence. Appellant's point of error should be overruled.

————————◆————————

# CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas


/a/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24072240
Miles_abbie@dao.hctx.net
Curry_Alan@daohctx.net


# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 7,953 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ Abbie Miles

**Abbie Miles**
Assistant District Attorney

27

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on June 18, 2015:

Timothy Hootman
2402 Pease Street
Houston, Texas 77003

/s/ Abbie Miles
**ABBIE MILES**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 024072240
Miles_abbie@dao.hctx.net
Curry_Alan@dao.hctx.net

Date: June 18, 2015